# UNITED STATES DISTRICT COURT
for the
Southern District of New York

13 CIV 5658

JUDGE FURMAN

CASEY O'JEDA, et al.,       )
                             )
                             )
                             )
        Plaintiff(s)         )
            v.               )   Civil Action No. 13-cv-
                             )
VIACOM INC., et al.          )
                             )
                             )
                             )
        Defendant(s)         )

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)* VIACOM, INC. - 1515 Broadway, New York, New York 10036;
MTV NETWORKS MUSIC PRODUCTIONS INC. - 1515 Broadway, New York, New York 10036;
MTV NETWORKS ENTERPRISES INC. - 1515 Broadway, New York, New York 10036.

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:   Virginia & Ambinder, LLP
111 Broadway, Suite 1403
New York, NY 10006
Tel.: (212) 943-9080
Fax: (212) 943-9082

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

RUBY J. KRAJICK
*CLERK OF COURT*

Date: AUG 13 2013

*Signature of Clerk or Deputy Clerk*

Civil Action No. 13-cv-

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____
was received by me on *(date)* _____ .

☐ I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* _____
_____ , a person of suitable age and discretion who resides there,
on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____ , who is
designated by law to accept service of process on behalf of *(name of organization)*
_____ on *(date)* _____ ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify)*:


My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____
_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Southern District of New York

**13 CIV 5658**

CASEY O'JEDA, et al., )
)
) **JUDGE FURMAN**
)
)
*Plaintiff(s)* )
v. ) Civil Action No. 13-cv-
)
VIACOM INC., et al. )
)
)
)
*Defendant(s)* )

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)* VIACOM, INC. - 1515 Broadway, New York, New York 10036;
MTV NETWORKS MUSIC PRODUCTIONS INC. - 1515 Broadway, New York, New York 10036;
MTV NETWORKS ENTERPRISES INC. - 1515 Broadway, New York, New York 10036.

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:   Virginia & Ambinder, LLP
111 Broadway, Suite 1403
New York, NY 10006
Tel.: (212) 943-9080
Fax: (212) 943-9082

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

RUBY J KRAJICK

*CLERK OF COURT*

Date: AUG 1 3 2013

*Signature of Clerk or Deputy Clerk*

Civil Action No. 13-cv-

# PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I personally served the summons on the individual at *(place)* _____
on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* _____
, a person of suitable age and discretion who resides there,
on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____ , who is
designated by law to accept service of process on behalf of *(name of organization)* _____
on *(date)* _____ ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify)*:


My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

| JS 44C/SDNY REV. 7/2012 | JUDGE FURMAN    CIVIL COVER SHEET | 13 CIV 5658 AUG 13 2013 |

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for use of the Clerk of Court for the purpose of initiating the civil docket sheet.

**PLAINTIFFS**
CASEY O'JEDA, et al.,

**DEFENDANTS**
VIACOM INC., et al.

**ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**
Suzanne Leeds, Esq., Virginia & Ambinder, LLP, 111 Broadway, Suite 1403, New York, NY 10006, (212) 943-9080

**ATTORNEYS (IF KNOWN)**

**CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE)
(DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

29 U.S.C. §§ 206, 207 and 216(b), et seq.; to recover unpaid minimum wages

Has this or a similar case been previously filed in SDNY at any time? No [ ]  Yes [X]  Judge Previously Assigned

If yes, was this case Vol. [ ] Invol. [ ] Dismissed. No [ ] Yes [ ] If yes, give date _____ & Case No. _____

IS THIS AN INTERNATIONAL ARBITRATION CASE?  No [X]  Yes [ ]

(PLACE AN [x] IN ONE BOX ONLY)    NATURE OF SUIT

TORTS                                ACTIONS UNDER STATUTES

**CONTRACT**
[ ] 110 INSURANCE
[ ] 120 MARINE
[ ] 130 MILLER ACT
[ ] 140 NEGOTIABLE INSTRUMENT
[ ] 150 RECOVERY OF OVERPAYMENT & ENFORCEMENT OF JUDGMENT
[ ] 151 MEDICARE ACT
[ ] 152 RECOVERY OF DEFAULTED STUDENT LOANS (EXCL VETERANS)
[ ] 153 RECOVERY OF OVERPAYMENT OF VETERAN'S BENEFITS
[ ] 160 STOCKHOLDERS SUITS
[ ] 190 OTHER CONTRACT
[ ] 195 CONTRACT PRODUCT LIABILITY
[ ] 196 FRANCHISE

**REAL PROPERTY**
[ ] 210 LAND CONDEMNATION
[ ] 220 FORECLOSURE
[ ] 230 RENT LEASE & EJECTMENT
[ ] 240 TORTS TO LAND
[ ] 245 TORT PRODUCT LIABILITY
[ ] 290 ALL OTHER REAL PROPERTY

**PERSONAL INJURY**
[ ] 310 AIRPLANE
[ ] 315 AIRPLANE PRODUCT LIABILITY
[ ] 320 ASSAULT, LIBEL & SLANDER
[ ] 330 FEDERAL EMPLOYERS' LIABILITY
[ ] 340 MARINE
[ ] 345 MARINE PRODUCT LIABILITY
[ ] 350 MOTOR VEHICLE
[ ] 355 MOTOR VEHICLE PRODUCT LIABILITY
[ ] 360 OTHER PERSONAL INJURY

**ACTIONS UNDER STATUTES**
**CIVIL RIGHTS**
[ ] 441 VOTING
[ ] 442 EMPLOYMENT
[ ] 443 HOUSING/ ACCOMMODATIONS
[ ] 444 WELFARE
[ ] 445 AMERICANS WITH DISABILITIES - EMPLOYMENT
[ ] 446 AMERICANS WITH DISABILITIES -OTHER
[ ] 440 OTHER CIVIL RIGHTS (Non-Prisoner)

**PERSONAL INJURY**
[ ] 362 PERSONAL INJURY - MED MALPRACTICE
[ ] 365 PERSONAL INJURY PRODUCT LIABILITY
[ ] 368 ASBESTOS PERSONAL INJURY PRODUCT LIABILITY

**PERSONAL PROPERTY**
[ ] 370 OTHER FRAUD
[ ] 371 TRUTH IN LENDING
[ ] 380 OTHER PERSONAL PROPERTY DAMAGE
[ ] 385 PROPERTY DAMAGE PRODUCT LIABILITY

**PRISONER PETITIONS**
[ ] 510 MOTIONS TO VACATE SENTENCE 20 USC 2255
[ ] 530 HABEAS CORPUS
[ ] 535 DEATH PENALTY
[ ] 540 MANDAMUS & OTHER

**PRISONER CIVIL RIGHTS**
[ ] 550 CIVIL RIGHTS
[ ] 555 PRISON CONDITION

**FORFEITURE/PENALTY**
[ ] 610 AGRICULTURE
[ ] 620 OTHER FOOD & DRUG
[ ] 625 DRUG RELATED SEIZURE OF PROPERTY 21 USC 881
[ ] 630 LIQUOR LAWS
[ ] 640 RR & TRUCK
[ ] 650 AIRLINE REGS
[ ] 660 OCCUPATIONAL SAFETY/HEALTH
[ ] 690 OTHER

**LABOR**
[X] 710 FAIR LABOR STANDARDS ACT
[ ] 720 LABOR/MGMT RELATIONS
[ ] 730 LABOR/MGMT REPORTING & DISCLOSURE ACT
[ ] 740 RAILWAY LABOR ACT
[ ] 790 OTHER LABOR LITIGATION
[ ] 791 EMPL RET INC SECURITY ACT

**IMMIGRATION**
[ ] 462 NATURALIZATION APPLICATION
[ ] 463 HABEAS CORPUS- ALIEN DETAINEE
[ ] 465 OTHER IMMIGRATION ACTIONS

**BANKRUPTCY**
[ ] 422 APPEAL 28 USC 158
[ ] 423 WITHDRAWAL 28 USC 157

**PROPERTY RIGHTS**
[ ] 820 COPYRIGHTS
[ ] 830 PATENT
[ ] 840 TRADEMARK

**SOCIAL SECURITY**
[ ] 861 HIA (1395ff)
[ ] 862 BLACK LUNG (923)
[ ] 863 DIWC/DIWW (405(g))
[ ] 864 SSID TITLE XVI
[ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**
[ ] 870 TAXES (U.S. Plaintiff or Defendant)
[ ] 871 IRS-THIRD PARTY 26 USC 7609

**OTHER STATUTES**
[ ] 400 STATE REAPPORTIONMENT
[ ] 410 ANTITRUST
[ ] 430 BANKS & BANKING
[ ] 450 COMMERCE
[ ] 460 DEPORTATION
[ ] 470 RACKETEER INFLU- ENCED & CORRUPT ORGANIZATION ACT (RICO)
[ ] 480 CONSUMER CREDIT
[ ] 490 CABLE/SATELLITE TV
[ ] 810 SELECTIVE SERVICE
[ ] 850 SECURITIES/ COMMODITIES/ EXCHANGE
[ ] 875 CUSTOMER CHALLENGE 12 USC 3410
[ ] 890 OTHER STATUTORY ACTIONS
[ ] 891 AGRICULTURAL ACTS
[ ] 892 ECONOMIC STABILIZATION ACT
[ ] 893 ENVIRONMENTAL MATTERS
[ ] 894 ENERGY ALLOCATION ACT
[ ] 895 FREEDOM OF INFORMATION ACT
[ ] 900 APPEAL OF FEE DETERMINATION UNDER EQUAL ACCESS TO JUSTICE
[ ] 950 CONSTITUTIONALITY OF STATE STATUTES

Check if demanded in complaint:

[X] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DO YOU CLAIM THIS CASE IS RELATED TO A CIVIL CASE NOW PENDING IN S.D.N.Y.?
IF SO, STATE:

DEMAND $_____ OTHER_____    JUDGE_____ DOCKET NUMBER_____

Check YES only if demanded in complaint
JURY DEMAND: [ ] YES [ ] NO

NOTE: Please submit at the time of filing an explanation of why cases are deemed related.

| (PLACE AN x IN ONE BOX ONLY) | | | ORIGIN | | | |
|---|---|---|---|---|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court <br> ☐ a. all parties represented <br> ☐ b. At least one party is pro se. | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from (Specify District) | ☐ 6 Multidistrict Litigation | ☐ 7 Appeal to District Judge from Magistrate Judge Judgment |

| (PLACE AN x IN ONE BOX ONLY) | BASIS OF JURISDICTION | IF DIVERSITY, INDICATE CITIZENSHIP BELOW. (28 USC 1332, 1441) |
|---|---|---|
| ☐ 1 U.S. PLAINTIFF  ☐ 2 U.S. DEFENDANT  ☒ 3 FEDERAL QUESTION (U.S. NOT A PARTY)  ☐ 4 DIVERSITY | | |

CITIZENSHIP OF PRINCIPAL PARTIES (FOR DIVERSITY CASES ONLY)

(Place an [X] in one box for Plaintiff and one box for Defendant)

| | PTF DEF | | PTF DEF | | PTF DEF |
|---|---|---|---|---|---|
| CITIZEN OF THIS STATE | [ ]1 [ ]1 | CITIZEN OR SUBJECT OF A FOREIGN COUNTRY | [ ]3 [ ]3 | INCORPORATED and PRINCIPAL PLACE OF BUSINESS IN ANOTHER STATE | [ ]5 [ ]5 |
| CITIZEN OF ANOTHER STATE | [ ]2 [ ]2 | INCORPORATED or PRINCIPAL PLACE OF BUSINESS IN THIS STATE | [ ]4 [ ]4 | FOREIGN NATION | [ ]6 [ ]6 |

PLAINTIFF(S) ADDRESS(ES) AND COUNTY(IES)

DEFENDANT(S) ADDRESS(ES) AND COUNTY(IES)

DEFENDANT(S) ADDRESS UNKNOWN
REPRESENTATION IS HEREBY MADE THAT, AT THIS TIME, I HAVE BEEN UNABLE, WITH REASONABLE DILIGENCE, TO ASCERTAIN THE RESIDENCE ADDRESSES OF THE FOLLOWING DEFENDANTS:

Check one: THIS ACTION SHOULD BE ASSIGNED TO: ☐ WHITE PLAINS  ☒ MANHATTAN
(DO NOT check either box if this a PRISONER PETITION/PRISONER CIVIL RIGHTS COMPLAINT.)

DATE 8/13/2013  SIGNATURE OF ATTORNEY OF RECORD  ADMITTED TO PRACTICE IN THIS DISTRICT
[ ] NO
☒ YES (DATE ADMITTED Mo. 6  Yr. 07 )
RECEIPT #  Attorney Bar Code # SL3170

Magistrate Judge is to be designated by the Clerk of the Court. MAG. JUDGE GORENSTEIN

Magistrate Judge _____ is so Designated.

Ruby J. Krajick, Clerk of Court by _____ Deputy Clerk, DATED _____.

UNITED STATES DISTRICT COURT (NEW YORK SOUTHERN)

**JUDGE FURMAN**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**13 CIV 5658**

CASEY O'JEDA, individually and on behalf of other persons similarly situated who were employed by VIACOM INC., MTV NETWORKS MUSIC PRODUCTION INC., MTV NETWORKS ENTERPRISES INC. and/or any other entities affiliated with or controlled by VIACOM INC., MTV NETWORKS MUSIC PRODUCTION INC., and/or MTV NETWORKS ENTERPRISES INC.,

Case No.

**CLASS ACTION COMPLAINT**



Plaintiffs,

- against -

VIACOM INC., MTV NETWORKS MUSIC PRODUCTION INC., MTV NETWORKS ENTERPRISES INC., and/or any other entities affiliated with or controlled by VIACOM INC., MTV NETWORKS MUSIC PRODUCTION INC., and/or MTV NETWORKS ENTERPRISES INC.,

Defendants.

Plaintiff, by his attorneys, Virginia & Ambinder, LLP and Leeds Brown Law, P.C., alleges upon knowledge to himself and upon information and belief as to all other matters as follows:

**PRELIMINARY STATEMENT**

1. This action is brought pursuant to the Fair Labor Standards Act (hereinafter referred to as "FLSA"), 29 U.S.C. §§ 206 and 216(b); New York Labor Law §§ 650 *et seq* and 663; New York Labor Law § 190 *et seq*.; and 12 New York Codes, Rules and Regulations (hereinafter referred to as "NYCRR") § 142-2.1; to recover unpaid minimum wages owed to Plaintiff and all similarly situated persons who are presently or were formerly employed by VIACOM INC., MTV NETWORKS MUSIC PRODUCTION INC., MTV NETWORKS ENTERPRISES INC. and/or any other entities affiliated with or controlled by VIACOM INC.,

MTV NETWORKS MUSIC PRODUCTION INC., and/or MTV NETWORKS ENTERPRISES INC. (hereinafter collectively as "Defendants").

2. Beginning in approximately 2007 and, upon information and belief, continuing through the present, Defendants have wrongfully withheld wages from Plaintiff and other similarly situated individuals who worked for Defendants.

3. Beginning in approximately 2007 and, upon information and belief, continuing through the present, Defendants have wrongfully classified Plaintiff and others similarly situated as exempt from minimum wage requirements.

4. Beginning in approximately 2007 and, upon information and belief, continuing through the present, Defendants have engaged in a policy and practice of failing to pay their employees minimum wages as required by applicable federal and state law.

5. Plaintiff has initiated this action seeking for himself, and on behalf of all similarly situated employees, all compensation that they were deprived of, plus interest, damages, attorneys' fees and costs.

## JURISDICTION

6. Jurisdiction of this Court is invoked pursuant to FLSA, 29 U.S.C. § 216(b), and 28 U.S.C. §§ 1331 and 1337. This Court also has supplemental jurisdiction under 28 U.S.C. § 1367 of the claims brought under New York Labor Law.

7. The statute of limitations under FLSA, 29 U.S.C. § 255(a), for willful violations is three (3) years.

8. The statute of limitations under New York Labor Law § 198(3) is six (6) years.

## VENUE

9. Venue for this action in the Southern District of New York under 28 U.S.C. § 1391(b) is appropriate because a substantial part of the events or omissions giving rise to the claims occurred in the Southern District of New York.

## THE PARTIES

10. Plaintiff CASEY O'JEDA is an individual who is currently a resident of New York and was employed by Defendants from approximately September 2011 until January 2012.

11. Although the Defendants misclassified Plaintiff and other members of the putative class as unpaid interns, Plaintiff is a covered employee within the meaning of the NYLL.

12. Upon information and belief, Defendant VIACOM, INC. is a foreign business corporation organized and existing under the laws of Delaware and authorized to do business in New York, with its principal place of business at 1515 Broadway, New York, New York 10036, and is engaged in the entertainment industry.

13. Upon information and belief, Defendant MTV NETWORKS MUSIC PRODUCTIONS INC. is a foreign business corporation organized and existing under the laws of Delaware and authorized to do business in New York, with its principal place of business at 1515 Broadway, New York, New York 10036, and is engaged in the entertainment industry.

14. Upon information and belief, Defendant MTV NETWORKS ENTERPRISES INC. is a foreign business corporation organized and existing under the laws of Delaware and authorized to do business in New York, with its principal place of business at 1515 Broadway, New York, New York 10036, and is engaged in the entertainment industry.

15. Defendants engage in interstate commerce, produce goods for interstate commerce, and/or handle, sell, or work on goods or materials that have been moved in or produced for interstate commerce.

16. Upon information and belief, Defendants' annual gross volume of sales made or business done is not less than $500,000.

## CLASS ALLEGATIONS

17. Plaintiff repeats and re-alleges the allegations set forth in paragraphs 1 through 16 hereof.

18. This action is properly maintainable as a collective action pursuant to the FLSA, 29 U.S.C. § 216(b), and as a Class Action under Rule 23 of the Federal Rules of Civil Procedure.

19. This action is brought on behalf of the Plaintiff and a class consisting of similarly situated employees who worked for Defendants as interns, and were thus misclassified as exempt from minimum wage requirements.

20. Plaintiff and potential plaintiffs who elect to opt-in as part of the collective action are all victims of the Defendants' common policy and/or plan to violate the FLSA by (1) failing to pay all earned wages; (2) misclassifying Plaintiff and members of the putative collective as exempt from minimum wage requirements; (3) failing to provide the statutory minimum hourly wage for all hours worked pursuant to 29 U.S.C. § 206.

21. The putative class is so numerous that joinder of all members is impracticable. The size of the putative class is believed to be in excess of 1,000 employees. In addition, the names of all potential members of the putative class are not known or knowable without Defendants' records or discovery.

22. The questions of law and fact common to the putative class predominate over any questions affecting only individual members. These questions of law and fact include, but are not limited to: (1) whether Defendants failed to pay Plaintiff and members of the putative class all earned wages; (2) whether the Defendants misclassified Plaintiff and members of the putative

4

class as exempt from minimum wages; (3) whether the Defendants required Plaintiff and members of the putative class to perform work on its behalf and for its benefit for which they were not compensated; and (4) whether the Defendants failed to pay the statutory minimum wage rate, in violation of New York state law.

23. The claims of the Plaintiff are typical of the claims of the putative class. The Plaintiff and putative class members were all subject to Defendants' policies and willful practices of failing to pay employees all earned minimum wages. Plaintiff and putative class members have thus sustained similar injuries as a result of the Defendants' actions.

24. Upon information and belief, Defendants uniformly apply the same employment policies, practices, and procedures to all interns who work at Defendants' locations.

25. Plaintiff and his counsel will fairly and adequately protect the interests of the putative class. Plaintiff has retained counsel experienced in complex wage and hour collective and class action litigation.

26. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. The individual Plaintiff and putative class action members lack the financial resources to adequately prosecute separate lawsuits against Defendants. A class action will also prevent unduly duplicative litigation resulting from inconsistent judgments pertaining to the Defendants' policies.

## FACTS

27. Beginning in or about 2007 until the present, Defendants employed the Plaintiff and other members of the putative class as interns to perform various tasks related to the maintenance and operations of its mass media company.

28. Defendants did not provide any compensation to Plaintiff and members of the putative class for the hours worked.

5

29. Defendants have benefitted from the work that Plaintiff and members of the putative class performed.

30. Defendants would have hired additional employees or required existing staff to work additional hours had Plaintiff and the members of the putative class not performed work for Defendants.

31. Defendants did not provide academic or vocational training to Plaintiff or members of the putative class.

32. Defendants' unlawful conduct has been pursuant to a corporate policy or practice of minimizing labor costs by denying Plaintiff and members of the putative class wages in violation of the FLSA and NYLL.

33. Defendants' unlawful conduct, as set forth in this Complaint, has been intentional, willful, and in bad faith, and has caused significant damages to Plaintiff and members of the putative class.

34. While working for Defendants, Plaintiff and the members of the putative class were regularly required to perform work for Defendants, without receiving minimum wages as required by applicable federal and state law.

35. Specifically, Named Plaintiff Casey O'Jeda was employed by the Defendants from approximately September 2011 until January 2012.

36. While employed as an intern, Plaintiff O'Jeda was responsible for carrying out various tasks necessary to the operation and maintenance of Defendants' mobile website, such as updating and rebooting the website, coding, creating weekly spreadsheets, program design, customer management, and other similar duties.

37. Throughout the length of his employment, Plaintiff O'Jeda typically worked three days each week, seven to eight hours per day.

38. Plaintiff O'Jeda was not paid any wages, and thus was not compensated at a rate in compliance with the statutory minimum wage rate.

39. Upon information and belief, members of the putative class also did not receive minimum wages, in violation of state and federal law.

### FIRST CAUSE OF ACTION:
### FLSA MINIMUM WAGE COMPENSATION

40. Plaintiff repeats and re-alleges the allegations set forth in paragraphs 1 through 39 hereof.

41. Pursuant to 29 U.S.C. § 206, "Every employer shall pay to each of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, wages at the following rates: (1) except as otherwise provided in this section, not less than -- (A) $5.85 an hour, beginning on the 60th day after May 25, 2007; (B) $6.55 an hour, beginning 12 months after that 60th day; and (C) $7.25 an hour, beginning 24 months after that 60th day [July 24, 2009]."

42. VIACOM, INC. is an employer, within the meaning contemplated, pursuant to 29 U.S.C. § 203(d).

43. MTV NETWORKS MUSIC PRODUCTIONS INC. is an employer, within the meaning contemplated, pursuant to 29 U.S.C. § 203(d).

44. MTV NETWORKS ENTERPRISES INC. is an employer, within the meaning contemplated, pursuant to 29 U.S.C. § 203(d).

45. Plaintiff and other members of the putative collective action are employees, within the meaning contemplated, pursuant to 29 U.S.C. § 203(e).

46. Plaintiff and other members of the putative collective action, during all relevant times, engaged in commerce or in the production of goods for commerce, or were employed in an enterprise engaged in commerce or in the production of goods for commerce.

47. None of the exemptions of 29 U.S.C. § 213 applies to Plaintiff or other similarly situated employees.

48. Defendants violated the FLSA by failing to pay Plaintiff and other members of the putative collective action minimum wages for all hours worked in any given week.

49. Upon information and belief, the failure of Defendants to pay Plaintiff and other members of the putative collective action their rightfully-owed wages was willful.

50. By the foregoing reasons, Defendants are liable to Plaintiff and members of the putative collective action in an amount to be determined at trial, plus liquidated damages in the amount equal to the amount of unpaid wages, interest and attorneys' fees and costs.

**SECOND CAUSE OF ACTION:
<u>NEW YORK MINIMUM WAGE COMPENSATION</u>**

51. Plaintiff repeats and re-alleges the allegations set forth in paragraphs 1 through 50 hereof.

52. Title 12 NYCRR § 142-2.1 states that, "[t]he basic minimum hourly rate shall be: (a) $5.15 per hour on and after March 31, 2000; (b) $6.00 per hour on and after January 1, 2005; (c) $6.75 per hour on and after January 1, 2006; (d) $7.15 per hour on and after January 1, 2007; (e) $7.25 per hour on and after July 24, 2009; or, if greater, such other wage as may be established by Federal law pursuant to 29 U.S.C. section 206 or any successor provisions."

53. New York Labor Law § 663 provides that "[i]f any employee is paid by his employer less than the wage to which he is entitled under the provisions of this article, he may recover in a civil action the amount of any such underpayments, together with costs and such reasonable attorneys' fees."

54. Pursuant to Labor Law § 651, the term "employer" includes "any individual, partnership, association, corporation, limited liability company, business trust, legal representative, or any organized group of persons acting as employer."

55. Pursuant to New York Labor Law §§ 190, *et seq.*, 650, *et seq.*, and the cases interpreting same, VIACOM, INC. is an "employer."

56. Pursuant to New York Labor Law §§ 190, *et seq.*, 650, *et seq.*, and the cases interpreting same, MTV NETWORKS MUSIC PRODUCTIONS INC. is an "employer."

57. Pursuant to New York Labor Law §§ 190, *et seq.*, 650, *et seq.*, and the cases interpreting same, MTV NETWORKS ENTERPRISES INC. is an "employer."

58. Pursuant to Labor Law § 651, the term "employee" means "any individual employed or permitted to work by an employer in any occupation."

59. As persons employed for hire by Defendants, Plaintiff and members of the putative class are "employees," as understood in Labor Law § 651.

60. The minimum wage provisions of Article 19 of the NYLL and the supporting New York State Department of Labor Regulations apply to Defendants and protect Plaintiff and members of the putative class.

61. Upon information and belief, Defendants violated New York Labor Law § 650 et seq. and 12 NYCRR § 142-2.1 by failing to pay Plaintiff and other members of the putative class minimum wages for all hours worked in any given week.

62. Upon information and belief, the failure of Defendants to pay Plaintiff and other members of the putative class their rightfully-owed wages was willful.

63. By the foregoing reasons, Defendants have violated New York Labor Law § 650 et seq. and 12 NYCRR § 142-2.1, and are liable to Plaintiff and other members of the putative class action in an amount to be determined at trial, plus damages, interest, attorneys' fees and costs.

### THIRD CAUSE OF ACTION:
### NEW YORK FAILURE TO PAY WAGES

64. Plaintiff repeats and re-alleges the allegations set forth in paragraphs 1 through 63 hereof.

65. Pursuant to Article Six of the New York Labor Law, workers, such as Plaintiff and other members of the putative class, are protected from wage underpayments and improper employment practices.

66. Pursuant to New York Labor Law § 652, and the supporting New York State Department of Labor Regulations, "every employer shall pay to each of its employees for each hour worked a wage of not less than . . . $7.15 on and after January 1, 2007, or, if greater, such other wage as may be established by federal law pursuant to 29 U.S.C. section 206 or its successors, or such other wage as may be established in accordance with the provisions of this article."

67. Pursuant to New York Labor Law § 190, the term "employee" means "any person employed for hire by an employer in any employment."

68. As persons employed for hire by Defendants, Plaintiff and other members of the putative class are "employees," as understood in Labor Law § 190.

69. Pursuant to New York Labor Law § 190, the term "employer" includes "any person, corporation, limited liability company, or association employing any individual in any occupation, industry, trade, business or service."

70. As entities that hired the Plaintiff and other members of the putative class, VIACOM, INC., MTV NETWORKS ENTERPRISES INC. and MTV NETWORKS MUSIC PRODUCTIONS INC. are "employers."

71. The Plaintiff and other members of the putative class agreed upon wage rate was within the meaning of New York Labor Law §§ 190, 191 and 652.

72. Pursuant to New York Labor Law § 191 and the cases interpreting the same, workers such as Plaintiff and other members of the putative class are entitled to be paid all their weekly wages "not later than seven calendar days after the end of the week in which the wages are earned."

73. In failing to pay the Plaintiff and other members of the putative class proper wages, Defendants violated New York Labor Law § 191.

74. Pursuant to New York Labor Law § 193, "No employer shall make any deduction from the wages of an employee," such as Plaintiff and other members of the putative class, that is not otherwise authorized by law or by the employee.

75. By withholding wages from Plaintiff and other members of the putative class, pursuant to New York Labor Law § 193 and the cases interpreting the same, Defendants made unlawful deductions in wages owed to Plaintiff and other members of the putative class.

76. Upon information and belief, Defendants' failure to pay Plaintiff and members of the putative class minimum wages was willful.

77. By the foregoing reasons, Defendants have violated New York Labor Law § 198 and are liable to Plaintiff and other members of the putative class in an amount to be determined at trial, plus damages, interest, attorneys' fees and costs.

**WHEREFORE**, Plaintiff, individually and on behalf of all other persons similarly situated who were employed by Defendants, demand judgment:

(1) on the first cause of action against Defendants, in an amount to be determined at trial plus liquidated damages in the amount equal to the amount of unpaid wages, interest, attorneys' fees and costs;

(2) on the second cause of action against Defendants, in an amount to be determined at trial, plus liquidated damages in the amount equal to the amount of unpaid wages, interest, attorneys' fees and costs;

(3) on the third cause of action against Defendants, in an amount to be determined at trial, plus damages, interest, attorneys' fees and costs, pursuant to the cited New York Labor Law provisions;

(4) such other and further relief as this Court may deem just and proper.

Dated: New York, New York
August 13, 2013

VIRGINIA & AMBINDER, LLP

By: *SLeeds*

Lloyd R. Ambinder
Suzanne B. Leeds
111 Broadway, Suite 1403
New York, New York 10006
Tel: (212) 943-9080
Fax: (212) 943-9082
lambinder@vandallp.com

LEEDS BROWN LAW, P.C.
Jeffrey K. Brown
One Old Country Road, Suite 347
Carle Place, NY 11514
Tel: (516) 873-9550
jbrown@leedsbrownlaw.com

*Attorneys for Plaintiff and the putative class*