UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CASEY O'JEDA, individually and on behalf of other persons similarly situated who were employed by VIACOM INC., MTV NETWORKS MUSIC PRODUCTION INC., MTV NETWORKS ENTERPRISES INC. and/or any other entities affiliated with or controlled by VIACOM INC., MTV NETWORKS MUSIC PRODUCTION INC., and/or MTV NETWORKS ENTERPRISES INC.,<br><br>                                                            Plaintiffs,<br><br>- against -<br><br>VIACOM INC., MTV NETWORKS MUSIC PRODUCTION INC., MTV NETWORKS ENTERPRISES INC., and/or any other entities affiliated with or controlled by VIACOM INC., MTV NETWORKS MUSIC PRODUCTION INC., and/or MTV NETWORKS ENTERPRISES INC.,<br>                                                            Defendants. | Case No. 13 Civ. 5658 (JMF) |

**MEMORANDUM OF LAW TO SHOW CAUSE
WHY PLAINTIFFS' DEMAND FOR JURY TRIAL
HAS NOT BEEN WAIVED**

VIRGINIA & AMBINDER, LLP
Lloyd R. Ambinder
LaDonna M. Lusher
Suzanne B. Leeds
111 Broadway, Suite 1403
New York, New York 10004
Tel: (212) 943-9080
Fax: (212) 943-9082
lambinder@vandallp.com

| | |
|---|---|
| LEEDS BROWN LAW, P.C.<br>Jeffrey K. Brown<br>Michael A. Tompkins<br>Daniel H. Markowitz<br>One Old Country Road, Suite 347 | PIANKO LAW GROUP, PLLC<br>Maurice Pianko<br>55 Broad Street<br>New York, New York 10004<br>Tel: (646) 801-9675 |

Carle Place, New York 11514        mpianko@verismols.com
Tel: (516) 873-9550
jbrown@leedsbrownlaw.com

*Attorneys for Plaintiff and the Putative Collective*

## **TABLE OF CONTENTS**

**PAGE**

TABLE OF AUTHORITIES…………………………………………………..………….. iv

PRELIMINARY STATEMENT…………………………………………………………...…… 1

FACTUAL BACKGROUND……………………………………………….…………………. 1

ARGUMENT……………………………………………………………………...………... 2

  I)      POINT I:  THE COURT HAS DISCRETION TO GRANT THE
                      REQUESTED RELIEF………....………………………………………..… 2

  II)     POINT II:  FEDERAL POLICY FAVORES TRIAL BY JURY …………………….. 6

CONCLUSION …………………………………………………………………...…….…. 7

## **TABLE OF AUTHORITIES**

**PAGE**

**SUPREME COURT CASES**

Aetna Insurance Co. v. Kennedy,
    301 U.S. 389 (1937)……………………………………………….………… 8

Beacon Theatres, Inc. v. Westover,
    359 U.S. 500 (1959)……………………………………………………..…..……… 8

Byrd v. Blue Ride Rural Elec. Coop., Inc.,
    356 U.S. 525 (1958)……………………………………………………...…..….. 6-7

Dimick v. Schiedt,
    293 U.S. 474 (1935)………………………………………………….……..... 6, 7

Jacob v. City of New York,
    315 U.S. 752 (1942)…………………………………………………….…… 6

Lytle v. Household Mfg., Inc.,
494 U.S. 545 (1990)………………………………………………...……………... 7

Simler v. Conner,
    372 U.S. 221 (1963)…………………………………….……..…….………… 6

**OTHER CASES**

Algarin-Torres v. University of Puerto Rico,
    126 F.R.D. 8 (D.P.R. 1989)……………………………………….…… 4

Britt v. Knight Publishing Co.,
    42 F.R.D. 593 (D.S.C. 1967)……………………………………..………….. 2

Cascone v Ortho Pharmaceutical Corp.
    94 F.R.D. 333 (S.D.N.Y. 1982)…………………………………………..……… 2

Chemical Bank v, Affiliated FM Insurance Co.,
    1994 U.S. Dist. LEXIS 18469 (S.D.N.Y. 1994)…………………………..………. 6

Cox v. C.H. Masland & Sons, Inc.,
    607 F.2d 138 (5th Cir. Ala. 1979)……………………………………...………… 4

Davidson Pipe Co., Inc. v. Laventhol & Horwath,
    125 F.R.D. 363 (S.D.N.Y. 1989)………………………………………...….……. 5

Dell'Orfano v. Romano,
    962 F.2d 199 (2d Cir. 1992)…………………………………………..…………. 7

Dominic v. Consolidated Edison Co.,
    822 F.2d 1249 (2d Cir. N.Y. 1987)……………………………………………..……...…… 3

Gargiulo v. Delsole,
    769 F.2d 77 (2d Cir. 1985)……………………………………………………….……… 8

Hester Industries, Inc. v, Tyson Foods Inc.,
    160 F.R.D. 15 (N.D.N.Y. 1995)……………………………………………..………..….. 5-6

Heyman v. Kline,
    456 F.2d 123 (2d Cir. 1972)………………………………………………..……..…….. 7

Hoag v. Cellco P'ship,
    CIVA 3:05CV1185 SRU, 2007 WL 549738 (D. Conn. Feb. 16, 2007)……...…..……. 5

Koyen v. Consolidated Edison Co.,
    560 F. Supp. 1161 (S.D.N.Y. 1983)……………………………………………..……… 3

Lanau v. Nat'l R.R. Passenger Corp.,
    97 F.R.D. 723 (S.D.N.Y. 1983)…………………………………………………….…… 4

Liriano v. Hobart Corp.,
    162 F.R.D 453 (S.D.N.Y. 1995)……………………………………..………...……….. 4

Mississippi use of Richmond v. Hurst,
    41 F.R.D. 186 (N.D. Miss. 1966) ..………………………………………………………… 2

Morrison v. Crown Equipment Corp.,
    1990 U.S. Dist. LEXIS 18482 (E.D.N.Y. Nov. 21, 1990)…………………..…………... 5

Noonan v. Cunard S.S. Co.,
    375 F.2d 69 (2d Cir. N.Y. 1967)……………………………………………..………… 5

Palmer v. Angelica Healthcare Servs. Group,
    170 F.R.D. 88 (N.D.N.Y 1997)……………………………………………..…….………. 5

Reich v. Great Lakes Collection Bureau,
    176 F.R.D. 81 (W.D.N.Y. 1997)…………………………………………...……………… 3

Rosen v. Dick,
    639 F.2d 82 (2d Cir. N.Y. 1980)…………………………….……...………………… 3

Saviano v. Local,
    32B-32J, SEIU, 75 Fed. Appx. 58 (2d Cir. N.Y. 2003)…………..………...………… 2

Tanvir v. Laporte,
      169 F.R.D. 292 (S.D.N.Y. 1996)………………………………………………...…………. 3

Tray-Wrap, Inc. v. Six L's Packing Co. Inc.,
      984 F.2d 65 (2d Cir. 1993) …………………………………………………..………. 6, 7

Westchester Day Sch. v. Vill. of Mamaroneck,
      504 F.3d 338 (2d Cir. N.Y. 2007)………………………………..……..…………….. 2

**OTHER AUTHORITIES**
U.S. Const. Amend. VII……………………………………………………...……………...6

FRCP 39(b)………………………………………………………………………………….*passim*

9 C. Wright & A. Miller, Federal Practice and Procedure § 2334 (1971)………………….....…3

**Preliminary Statement**

Named Plaintiff Casey O'Jeda, for himself and on behalf of a putative class of similarly situated employees (collectively referred to as "Plaintiffs"), by their attorneys Virginia & Ambinder, LLP and Leeds Brown Law, P.C., submit this memorandum of law in response to this Court's Order directing Plaintiffs to Show Cause why their demand for a jury trial has not been waived. Plaintiffs respectfully submit that they made an expeditious application at the preliminary stages of this litigation requesting that the Case Management Plan and Scheduling Order be amended to reflect that this case should be tried by a jury. To date, Plaintiffs application to make such an amendment has been unopposed by Defendants Viacom Inc., MTV Networks Music Production Inc., MTV Networks Enterprises, Inc. (collectively "Defendants"). For the reasons, Plaintiffs' respectfully submit that their demand for a jury trial has not been waived.

**Factual Background**

Plaintiff commenced this action in the Southern District of New York on August 13, 2013 alleging violations of the Fair Labor Standards Act (hereinafter referred to as "FLSA"), 29 U.S.C. §§ 206 and 216(b); New York Labor Law § 190 *et seq.*; and New York Codes, Rules and Regulations (hereinafter referred to as "NYCRR") § 142-2.1 to recover unpaid minimum wages owed to Plaintiff and all similarly situated persons who are presently or were formerly employed by Defendants.

On September 13, 2013, the parties stipulated to extending Defendants time to answer the complaint. [Dkt. No. 12]. On November 21, 2013, after the action had been joined, the parties submitted a joint letter to this Court containing the Proposed Civil Case Management Plan and Scheduling Order in advance of the upcoming Initial Pretrial Conference in accordance with the

1

Court's Individual Rules and Practices. [Dkt. No. 19]. The Proposed Civil Case Management Plan and Scheduling Order submitted by the parties indicated that "[t]his case is not to be tried to a jury," however, this was an inadvertent error on behalf of Plaintiffs who had always intended to demand a jury trial. [Dkt. No. 19]. On December 4, 2013, the Court approved the parties Case Management Schedule. [Dkt No. 20]. Just two weeks thereafter, Plaintiffs' realized this error, contacted Defendants' counsel and moved to correct the Order to reflect that the case is to be tried to a jury. [Dkt. No. 21]. Defendants have not opposed this application.

## ARGUMENT

## POINT I

## THE COURT HAS DISCRETION TO GRANT THE REQUESTED RELIEF

Rule 39(b) of the Federal Rules of Civil Procedure ("FRCP") grants district courts discretion, upon motion, to order trial by jury notwithstanding the failure of a party to demand a jury in an action in which such a demand might have been made of right. Westchester Day Sch. v. Vill. of Mamaroneck, 504 F.3d 338 (2d Cir. N.Y. 2007); Saviano v. Local, 32B-32J, SEIU, 75 Fed. Appx. 58 (2d Cir. N.Y. 2003); Fed. R. Civ. Pro.R. 39(b). Courts are given broad discretion in their determination. Cascone v Ortho Pharmaceutical Corp. 94 F.R.D. 333, 339 (S.D.N.Y. 1982) ("Decision to relieve party from waiver of jury trial is subject to broad discretion of district court."); Britt v. Knight Publishing Co., 42 F.R.D. 593, 595 (D.S.C. 1967) ("There is no limitation on a judge's discretion to grant jury trial pursuant to the provisions of Rule 29(b) of Federal Rules of Civil Procedure."); Mississippi use of Richmond v. Hurst, 41 F.R.D. 186, 186 (N.D. Miss. 1966) ("court has, under Rule 39(b), broad discretion in relieving a parties or parties from such a waiver.").

The Second Circuit notes that there are two main principles embodied by Rule 39: (i) reasonable reliance for a party seeking to invoke the jury trial right; and (ii) adequate notice for the other parties in the action. Rosen v. Dick, 639 F.2d 82 (2d Cir. N.Y. 1980) ("When applying the Rule and inquiring into reliance and notice, a court should start by measuring the parties' overt acts and their significance under the literal terms of the Rule.").

In accordance with those principles, the Court evaluates several factors when considering Rule 39(b) motions. Tanvir v. Laporte, 169 F.R.D. 292, 294 (S.D.N.Y. 1996). These factors are: (1) whether the action is typically the type of case tried to a jury; (2) whether the parties have proceeded on the assumption that the case would be tried before a jury; and (3) whether the party opposing the jury request would be unduly prejudiced if the action were tried before a jury. Id. citing Reliance Electric Co. v. Exxon Capital Corp., 932 F. Supp. 101, 103 (S.D.N.Y. 1996). Professors Wright and Miller advocate that "the court ought to approach each application under Rule 39(b) with an open mind and an eye to the factual situation in that particular case, rather than with a fixed policy against granting the application or even a preconceived notion that applications of this kind are usually denied." 9 C. Wright & A. Miller, Federal Practice and Procedure § 2334, at 116 (1971). Here, the factors in this case weigh strongly in favor of granting Plaintiff's request.

First, actions brought pursuant to the Fair Labor Standards Act are routinely tried by a jury. See e.g., Dominic v. Consolidated Edison Co., 822 F.2d 1249 (2d Cir. N.Y. 1987) (appealed from a jury award); Reich v. Great Lakes Collection Bureau, 176 F.R.D. 81 (W.D.N.Y. 1997) (jury trial granted in wage and hour action); Koyen v. Consolidated Edison Co., 560 F. Supp. 1161 (S.D.N.Y. 1983). The facts of wage and hour actions can be easily understood by a jury and, as such, there is generally no need for an extended list of special

instructions.  Algarin-Torres v. University of Puerto Rico, 126 F.R.D. 8, 10-11 (D.P.R. 1989). Here, the matter is a standard wage and hour action where trial by jury is appropriate.

Second, neither party proceeded under a misconception regarding the makeup of the fact finding body.  In actuality, there has been very little activity since the filing of the Order.  The Civil Case Management Plan and Order was signed on December 4, 2013.  [Dkt. No. 20].  The Plaintiffs' moved to amend the Order on December 18, 2013.  [Dkt. No. 21].  Thus, there was only a fourteen (14) day time span during which the docket reflected that the case would not be subject to a jury trial.  Moreover, no substantive action of any kind by either party occurred during those fourteen days.

Third, there can be no claim that undue prejudice will result from the granting of this relief.  Defendants have not opposed the motion, which Plaintiffs expeditiously filed in the preliminary stages of this litigation.  Where defendants do not oppose the application for a jury trial and no prejudice will result, the court should grant relief.

In Cox v. C.H. Masland & Sons, Inc., 607 F.2d 138 (5th Cir. Ala. 1979), the court granted the application for a jury trial where the defendant took no position on the application and would not be prejudiced by the court's action in granting the plaintiff's demand.  The Court there expressed that "although the request was not timely made, it was made sufficiently early to avoid any disruption to the court, the trial schedule or the parties' preparation."  Id.; see also Liriano v. Hobart Corp., 162 F.R.D 453, 456 (S.D.N.Y. 1995) (declining to penalize one party for counsel's untimeliness in the absence of demonstrable prejudice to other party); Lanau v. Nat'l R.R. Passenger Corp., 97 F.R.D. 723, 725 (S.D.N.Y. 1983) (recognizing that "behind all of the procedural rules and regulations lurks a hapless client who bears no responsibility for this

4

dilemma"); Morrison v. Crown Equipment Corp., 1990 U.S. Dist. LEXIS 18482 (E.D.N.Y. Nov. 21, 1990) (same).

Here, Plaintiffs brought this issue to the Court's attention within two weeks from the time the Order was filed to ensure that no parties are prejudiced by the amendment. Any potential Trial of this action would be months, if not years, away and the parties are well within their ability to adapt before that time. Hoag v. Cellco P'ship, CIVA 3:05CV1185 SRU, 2007 WL 549738, at *2 (D. Conn. Feb. 16, 2007). Furthermore, the jury request does not disrupt the Court's schedule or cause any undue delays. Accordingly, Plaintiff has readily met the factors listed above, and the requested relief should be granted.

While this Court has generally followed the holding in Noonan v. Cunard S.S. Co., 375 F.2d 69 (2d Cir. N.Y. 1967), the facts of this case are easily distinguishable. In Noonan, the Plaintiff did not request a jury trial until after the parties had fully completed discovery, a Notice of Issue had been submitted to the court, and six months had lapsed since the initial pleadings were filed. Id. at 70. Additionally, the defendant in Noonan vigorously opposed the transfer, noting that only 230 cases were pending on the bench trial calendar as compared with the 1735 cases pending on the jury trial calendar. Id. Furthermore, throughout the entire span of the pre-trial proceedings, the parties had been operating under the assumption that the fact finder would be the judge, a fact that likely affected an already determined trial strategy. Id.

Courts that follow the holding in Noonan generally do so where late jury demands "seem to be based merely on a change in the litigation strategy." Palmer v. Angelica Healthcare Servs. Group, 170 F.R.D. 88 (N.D.N.Y 1997); Davidson Pipe Co., Inc. v. Laventhol & Horwath, 125 F.R.D. 363, 371 (S.D.N.Y. 1989); Hester Industries, Inc. v, Tyson Foods Inc., 160 F.R.D.

5

15, 17-18 (N.D.N.Y. 1995); Chemical Bank v, Affiliated FM Insurance Co., 1994 U.S. Dist. LEXIS 18469 *14 (S.D.N.Y. 1994).

None of the facts that led the Noonan court to its determination exist here. When Plaintiff requested relief, the Scheduling Order had been approved for merely two weeks. No deadlines contained in the Order have passed, and while discovery demands have been served, no other discovery has taken place. The parties are also a long way from any trial being scheduled. Most importantly, Defendants have not opposed Plaintiffs application or claimed any prejudice. Thus, for the reasons stated, the Court should, in the exercise of its discretion, permit and order a trial by jury in this case.

## POINT II:

## FEDERAL POLICY FAVORES TRIAL BY JURY

This Court should grant Plaintiff's relief in accordance with the federal policy favoring jury trials. "The jury as a fact-finding body is of such importance and occupies so firm a place in our history and jurisprudence that any seeming curtailment of the right to a jury trial should be scrutinized with the utmost care." Dimick v. Schiedt, 293 U.S. 474, 79 L. Ed. 603, 55 S. Ct. 296 (1935); Simler v. Conner, 372 U.S. 221, 222, 9 L. Ed. 2d 691, 83 S. Ct. 609 (1963) ("The federal policy favoring jury trials is of historic and continuing strength."). The Seventh Amendment guarantees that "the right to trial by a jury shall be preserved." U.S. Const., amend. VII. The civil jury trial right is "one of the few procedural rights in civil cases that is enshrined in the Constitution," Tray-Wrap, Inc. v. Six L's Packing Co. Inc., 984 F.2d 65, 66 (2d Cir. 1993), and is "a basic and fundamental feature of our system of federal jurisprudence," Jacob v. City of New York, 315 U.S. 752, 752 (1942). This constitutional right underlies "the federal policy favoring jury decisions of disputed fact questions." Byrd v. Blue Ride Rural Elec. Coop., Inc., 356 U.S.

525, 538 (1958); see Dimick v. Schiedt, 293 U.S. 474, 485-86 (1935) (noting that "trial by jury has always been, and still is, generally regarded as the normal and preferable mode of disposing of issues of fact in civil cases at law as well as in criminal cases").

Courts are hesitant to deny the right to a jury. The Second Circuit Court of Appeals has explained that: "The right to a jury trial is too important…for the courts to find a knowing and voluntary relinquishment of the right in a doubtful situation." Heyman v. Kline, 456 F.2d 123, 129 (2d Cir. 1972). This right is so fundamental, in fact, that the appropriate remedy on appeal for a district court's "wrongful denial of a [plaintiff's] right to a jury trial on legal issues" is to "reverse and remand each case in its entirety for a trial before a jury." Lytle v. Household Mfg., Inc., 494 U.S. 545, 552-553 (1990); see, e.g., Tray-Wrap, 984 F.2d at 65 (reversing and remanding for a new trial); Dell'Orfano v. Romano, 962 F.2d 199, 202 (2d Cir. 1992) (same); Gargiulo v. Delsole, 769 F.2d 77, 79 (2d Cir. 1985) (same). Therefore, Courts will narrowly construe any waiver of this right and will indulge in every reasonable presumption against waiver. See Beacon Theatres, Inc. v. Westover, 359 U.S. 500, 79 S. Ct. 948, 3 L. Ed. 2d 988 (1959); Aetna Insurance Co. v. Kennedy, 301 U.S. 389, 57 S. Ct. 809, 81 L. Ed. 1177 (1937).

Here, Plaintiff has made an expeditious request that the Scheduling Order in this case be amended to reflect that this case will be tried by a jury. Defendants have not opposed this application. No prejudice will result from granting a jury trial at this early stage in the proceedings. Therefore, it is appropriate for the Court to grant Plaintiff's relief.

## **CONCLUSION**

Based on the foregoing, Plaintiff's request to amend the Case Management Plan and Scheduling Order to reflect this case is to be tried by a jury should be granted. The request is

7

appropriate at this early stage of litigation.  Defendants do not oppose this application.  Federal policy favoring trial by jury supports the use of the Courts Rule 39(b) discretion in this action.

Dated: New York, New York
       January 16, 2014

                                          VIRGINIA & AMBINDER, LLP
                                          _____/s/_____
                                          LaDonna M. Lusher
                                          Suzanne Leeds Klein
                                          111 Broadway, Suite 1403
                                          New York, New York 10006
                                          Tel: (212) 943-9080

                                                      *and*

                                          LEEDS BROWN LAW, P.C.

                                          Jeffrey K. Brown, Esq.
                                          One Old Country Road, Suite 347
                                          Carle Place, NY 11514
                                          Tel:  (516) 873-9550
                                          Fax: (516) 747-5024

                                          *Attorneys for Plaintiffs and Putative Class*

To:    Lyle S. Zuckerman (via ECF)
        Michael J. Goettig (via (ECF)
        VEDDER PRICE P.C.
        1833 Broadway, 47th Floor
        New York, New York  10019