```
USDC SDNY
DOCUMENT
ELECTRONICALLY  FILED
DOC #:_____
DATE FILED:  4/3/2014
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                                      :
CASEY O'JEDA, et al.,                                                 :
                                                                      :
                                    Plaintiffs,                       :          13 Civ. 5658 (JMF)
                                                                      :
                -v-                                                   :       MEMORANDUM OPINION
                                                                      :            AND ORDER
VIACOM, INC., et al.,                                                 :
                                                                      :
                                    Defendants.                       :
                                                                      :
------------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

On August 13, 2013, Plaintiffs filed this action against Viacom Inc., MTV Networks

Music Production Inc., and MTV Networks Enterprises, Inc. (together, "Defendants"), seeking to

recover unpaid minimum wages allegedly owed to them for work performed as interns under the

Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* and the New York State Labor Law

("NYLL"), § 650 *et seq.*  On December 18, 2013, Plaintiffs filed a motion to amend the Case

Management Plan and Scheduling Order, entered on December 4, 2013 (Docket No. 20), to

indicate that the action would be tried by a jury.  (Docket No. 21).  And on March 19, 2014,

Plaintiffs filed a motion to amend the Complaint to add an additional named Plaintiff and to add

class action claims under California law.  (Docket No. 38).

Plaintiffs' first motion — for leave to amend the Case Management Plan and Scheduling

Order to reflect a jury trial demand — is DENIED substantially for the reasons set forth in

Defendants' memorandum of law in opposition to the motion.  (Docket No. 29).  Put simply, as

Plaintiffs themselves implicitly concede in their memorandum of law (Docket No. 25, at 2), they

failed to make a timely request for a jury, as they did not make a jury demand within fourteen

days of the answer, *see* Fed. R. Civ. P. 38(b), and affirmatively stipulated in the Case

Management Plan and Scheduling Order, which was so ordered by the Court, that the case would

be tried without a jury.  (Docket No. 20 ¶ 17).  To be sure, Rule 39(b) of the Federal Rules of

Civil Procedure provides that even though "[i]ssues on which a jury trial is not properly

demanded are to be tried by the court," the Court may, nevertheless, "on motion, order a jury

trial on any issue for which a jury might have been demanded."  But the Second Circuit has

repeatedly held that "'inadvertence in failing to make a timely jury demand does not warrant a

favorable exercise of discretion under Rule 39(b).'"  *Westchester Day School v. Village of*

*Mamaroneck*, 504 F.3d 338, 356 (2d Cir. 2007) (quoting *Noonan v. Cunard S.S. Co.*, 375 F.2d

69, 70 (2d Cir. 1967) (Friendly, J.)).[1]  Here, as Plaintiffs' sole excuse is "inadvertent error"

(Docket No. 25, at 2), the Court cannot grant the relief sought.  *See, e.g.*, *Raymond v. Int'l*

*Business Machines Corp.*, 148 F.3d 63, 66 (2d Cir. 1998) (stating that "insofar as plaintiff offers

no explanation beyond mere inadvertence for his failure to timely serve the jury demand, the

district court erred . . . in granting plaintiff's Rule 39(b) motion").

Plaintiffs' second motion — for leave to amend the Complaint to add a new Plaintiff and

class action claims under California law — is GRANTED as unopposed and substantially for the

reasons stated in Plaintiffs' memorandum of law.  (Docket No. 39).  Plaintiffs shall file their

Amended Complaint within one week of this Memorandum Opinion and Order.

---

[1]      In their memorandum of law, Plaintiffs rely on cases suggesting a more relaxed standard
(Docket No. 25, at 2-3), but that standard is limited to cases that were removed from state court.
*See, e.g.*, *New Generation Produce Corp. v. N.Y. Supermarket, Inc.*, No. 09 Civ. 5536 (ENV)
(VMS), 2014 WL 1271156, at *2-3 (E.D.N.Y. Mar. 26, 2014) (comparing the standard
applicable to cases originally filed in federal court and the "somewhat relaxed standard"
applicable to cases removed from state court (internal quotation marks omitted)).

The Clerk of Court is directed to terminate Docket Nos. 21 and 38.

SO ORDERED.

Dated: April 3, 2014
       New York, New York

_____
JESSE M. FURMAN
United States District Judge