```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
                                                                  :
CASEY O'JEDA et al.,                                              :
                                                                  :
                              Plaintiffs,                         :     13 Civ. 5658 (JMF)
                                                                  :
              -v-                                                 :     MEMORANDUM OPINION
                                                                  :           AND ORDER
VIACOM, INC. et al.,                                              :
                                                                  :
                              Defendants.                         :
                                                                  :
------------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 4/4/2014

JESSE M. FURMAN, United States District Judge:

Plaintiffs bring this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, and the New York State Labor Law ("NYLL"), N.Y. Lab. Law §§ 650 *et seq.*, against Viacom Inc., MTV Networks Music Production Inc., and MTV Networks Enterprises, Inc. (together, "Defendants") to recover unpaid minimum wages allegedly owed to them for work performed as interns. On January 17, 2014, Plaintiffs moved for conditional certification of a FLSA collective action and for approval of a collective action notice. (Docket No. 26). Upon review of the parties' submissions, Plaintiffs' motion for conditional certification is GRANTED. The Court reserves judgment on Plaintiffs' motion for approval of the collective action notice and procedures for distributing that notice.

Although the question is a close one in some respects, Plaintiffs have carried their "low" burden at this stage of making a "modest factual showing" that they and "potential opt-in plaintiffs together were victims of a common policy or plan that violated the law." *Myers v. Hertz Corp.*, 624 F.3d 537, 555 (2d Cir. 2010) (internal quotation marks omitted); *see also, e.g., Amador v. Morgan Stanley & Co. LLC*, No. 11 Civ. 4326 (RJS), 2013 WL 494020, at *2

(S.D.N.Y. Feb. 7, 2013) (noting that a plaintiff may rely "'on [his] own pleadings, affidavits, [and] declarations'" to support a motion for collective action certification (quoting *Hallissey v. Am. Online, Inc.*, No. 99 Civ. 3785 (KTD), 2008 WL 465112, at *1 (S.D.N.Y. Feb. 19, 2008)); *Lynch v. United Servs. Auto. Ass'n*, 491 F. Supp. 2d 357, 367-68 (S.D.N.Y. 2007) (noting that, on a motion for preliminary certification of collective action, the court does not resolve factual disputes, decide ultimate issues on the merits, or make credibility determinations).

Put simply, Plaintiffs offer sufficient "generalized proof" that members of the putative collective were "victims of a common policy to replace paid workers with unpaid interns." *Glatt v. Fox Searchlight Pictures, Inc.*, 293 F.R.D. 516, 537-38 (S.D.N.Y. 2013) (citing *Torres v. Gristede's Operating Corp.*, No. 04 Civ. 3316 (PAC), 2006 WL 2819730, at *10, (S.D.N.Y. Sept. 29, 2006)); *see also, e.g.*, *Wang v. Hearst Corp.*, No. 12 Civ. 793 (HB), 2012 WL 2864524, at *2 (S.D.N.Y. July 12, 2012) (conditionally certifying a collective action of interns where plaintiff provided "allegations and affidavits to the effect that [the defendant] made a uniform determination that interns were not employees, required all interns to submit college credit letters, and used interns to perform entry-level work with little supervision" (citations omitted)); *Lynch*, 491 F. Supp. 2d at 370 ("Courts typically authorize dissemination of Section 216(b) notice upon a simple showing that other employees may also have been subjected to the employers' practice of 'misclassifying.'"). (*See* Pls.' Mem. Law (Docket No. 27) 3-4, 11-13 (discussing centralized internship hiring, administrative, and training policies)).

There may well be, or have been, some variance in the practices and procedures with respect to interns among Defendants' entities, departments, and locations (*see* Defs.' Mem. Law (Docket No. 30) 3-9), but the possibility that "disparate factual and employment settings" exist does not mean that the interns were not subject to a "common policy to replace paid workers

with unpaid interns." *Glatt*, 293 F.R.D. at 538.  Furthermore, after discovery, Defendants may move for decertification of the collective action.  *See, e.g.*, *Davis v. Abercrombie & Fitch Co.*, No. 08 Civ. 1859 (PKC), 2008 WL 4702840, at *10 (S.D.N.Y. Oct. 23, 2008); *see also, e.g.*, *Ack v. Manhattan Beer Distribs., Inc.*, No. 11 Civ. 5582 (CBA), 2012 WL 1710985, at *6 (E.D.N.Y. May 15, 2012) ("[W]hether the plaintiff or any putative plaintiffs are exempt or otherwise excluded from the FLSA is not a proper inquiry for the court [at the collective action certification stage].  Such factual determinations [should] be addressed at the second stage of the certification process after the completion of discovery." (alterations in original) (internal quotation marks omitted)).  "At that point," the Court would determine "on a full record, and under a more stringent standard, whether the additional plaintiffs are in fact similarly situated." *Davis*, 2008 WL 4702840, at *10.  If the Court were then to find "that all plaintiffs [were] similarly situated, the collective action [would] proceed[] to trial; otherwise, the class [would be] decertified and the claims of the opt-in plaintiffs [would be] dismissed without prejudice." *Id.*

Accordingly, Plaintiffs' motion for conditional certification of a collective action comprised of "[a]ll current and former of Viacom Inc., MTV Networks Music Production Inc., and/or MTV Networks Enterprises Inc., engaged in an intern program from [the date three years prior to the Court's entry of an order certifying the collective action] through the present" is GRANTED.[1]  (Pls.' Mem. Law 2).  The Court reserves judgment, however, on approval of Plaintiffs' proposed notice and the procedures to be used in connection with the notice, as to

---

[1]  Plaintiffs propose a collective action that would include any and all interns since August 13, 2007 (Pls.' Mem. Law 2), six years prior to the filing of the Complaint in this case.  But the statute of limitations applicable to a claim for unpaid minimum wages under FLSA runs, at most (namely, if a claim arises from a willful violation of the Act), from a date "three years prior to the date each opt-in plaintiff filed a written consent to join the action." *Summa v. Hofstra Univ.*, 715 F. Supp. 2d 378, 388 (E.D.N.Y. 2010).

which Defendants raise various objections. (Defs.' Mem. Law 21-22). The parties are directed to meet and confer on the language of the proposed notice and the proposed procedures and to jointly submit a revised version of the notice and a proposed order to the Court no later than **April 25, 2014**.

  The Clerk of Court is directed to terminate Docket No. 26.

  SO ORDERED.

Dated: April 4, 2014
   New York, New York

                     JESSE M. FURMAN
                     United States District Judge