UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CASEY OJEDA and KARINA REYNAGA, individually and on behalf of other persons similarly situated who were employed by VIACOM INC., BLACK ENTERTAINMENT TELEVISION, LLC, VIACOM INTERNATIONAL INC. and/or any other entities affiliated with or controlled by VIACOM INC., BLACK ENTERTAINMENT TELEVISION, LLC, and/or VIACOM INTERNATIONAL INC., | **13-CV-5658 (JMF)** <br><br> **SECOND AMENDED** <br> **CLASS ACTION** <br> **COMPLAINT** |
| Plaintiffs, | |
| - against - | **Jury Trial** |
| VIACOM INC., BLACK ENTERTAINMENT TELEVISION, LLC, VIACOM INTERNATIONAL INC., and/or any other entities affiliated with or controlled by VIACOM INC., BLACK ENTERTAINMENT TELEVISION, LLC, and/or VIACOM INTERNATIONAL INC., | |
| Defendants. | |

Plaintiffs, by their attorneys Virginia & Ambinder, LLP and Leeds Brown Law, P.C., allege

upon knowledge to themselves and upon information and belief as to all other matters as follows:

### PRELIMINARY STATEMENT

1.      This action is brought pursuant to the Fair Labor Standards Act (hereinafter referred

to as "FLSA"), 29 U.S.C. §§ 206 and 216(b); New York Labor Law §§ 650 *et seq* and 663; New

York Labor Law § 190 *et seq*.; and 12 New York Codes, Rules and Regulations (hereinafter

referred to as "NYCRR") § 142-2.1; California Labor Code §§ 221, 223, 1194, 1194.2, 1197; Cal.

Unlawful and/or Unfair Business Practices (Bus. & Prof. Code §§ 17200-17208); and Cal.

Industrial Welfare Commission ("IWC") Wage Orders, to recover unpaid minimum wages owed

to Plaintiffs and all similarly situated persons who are presently or were formerly employed by

VIACOM     INC.,    BLACK    ENTERTAINMENT     TELEVISION,    LLC,    VIACOM

INTERNATIONAL INC.  and/or any other entities affiliated with or controlled by VIACOM

INC., BLACK ENTERTAINMENT TELEVISION, LLC, and/or VIACOM INTERNATIONAL INC. (hereinafter collectively as "Defendants").

2.      Beginning in approximately 2007 and, upon information and belief, continuing through the present, Defendants have wrongfully withheld wages from Plaintiffs and other similarly situated individuals who worked for Defendants.

3.      Beginning in approximately 2007 and, upon information and belief, continuing through the present, Defendants have wrongfully classified Plaintiffs and others similarly situated as exempt from minimum wage requirements.

4.      Beginning in approximately 2007 and, upon information and belief, continuing through the present, Defendants have engaged in a policy and practice of failing to pay their employees minimum wages as required by applicable federal and state law.

5.      Plaintiffs have initiated this action seeking for themselves, and on behalf of all similarly situated employees, all compensation that they were deprived of, plus interest, damages, attorneys' fees and costs.

## JURISDICTION

6.      Jurisdiction of this Court is invoked pursuant to FLSA, 29 U.S.C. § 216(b), and 28 U.S.C. §§ 1331 and 1337. This Court also has supplemental jurisdiction under 28 U.S.C. § 1367 of the claims brought under New York Labor Law and California State Law.

7.      The statute of limitations under FLSA, 29 U.S.C. § 255(a), for willful violations is three (3) years.

8.      The statute of limitations under New York Labor Law § 198(3) is six (6) years.

9.      The statute of limitations under California Bus. & Prof. Code § 17208 is four (4) years.

## VENUE

10.     Venue for this action in the Southern District of New York under 28 U.S.C. § 1391(b) is appropriate because a substantial part of the events or omissions giving rise to the claims occurred in the Southern District of New York.

## THE PARTIES

11.     Plaintiff CASEY OJEDA is an individual who is currently a resident of New York and was employed by Defendants from approximately September 2011 until January 2012.

12.     Plaintiff KARINA REYNAGA is an individual who is currently a resident of Fresno, California and was employed by Defendants from approximately January 2012 through May 2012.

13.     Although the Defendants misclassified Plaintiffs and other members of the putative class as unpaid interns, Plaintiffs are covered employees within the meaning of the NYLL and the California Labor Code.

14.     Upon information and belief, Defendant VIACOM, INC. is a foreign business corporation organized and existing under the laws of Delaware and authorized to do business in New York, with its principal place of business at 1515 Broadway, New York, New York 10036, and is engaged in the entertainment industry.

15.     Upon information and belief, Defendant BLACK ENTERTAINMENT TELEVISION, LLC is a foreign business corporation organized and existing under the laws of Delaware and authorized to do business in New York, with its principal place of business at 1235 W Street NE, Washington, DC, 20018-1211, and is engaged in the entertainment industry.

16.     Upon information and belief, Defendant VIACOM INTERNATIONAL INC. is a foreign business corporation organized and existing under the laws of Delaware and authorized to

3

do business in New York, with its principal place of business at 1515 Broadway, New York, New York 10036, and is engaged in the entertainment industry.

17.     Defendants engage in interstate commerce, produce goods for interstate commerce, and/or handle, sell, or work on goods or materials that have been moved in or produced for interstate commerce.

18.     Upon information and belief, Defendants' annual gross volume of sales made or business done is not less than $500,000.

## CLASS ALLEGATIONS

19.     Plaintiffs repeat and re-allege the allegations set forth in paragraphs 1 through 18 hereof.

20.     This action is properly maintainable as a collective action pursuant to the FLSA, 29 U.S.C. § 216(b), and as a Class Action under Rule 23 of the Federal Rules of Civil Procedure.

21.     This action is brought on behalf of the Plaintiffs and a class consisting of similarly situated employees who worked for Defendants as interns, and were thus misclassified as exempt from minimum wage requirements.

22.     Plaintiffs and potential plaintiffs who elect to opt-in as part of the collective action are all victims of the Defendants' common policy and/or plan to violate the FLSA by (1) failing to pay all earned wages; (2) misclassifying Plaintiffs and members of the putative collective as exempt from minimum wage requirements; (3) failing to provide the statutory minimum hourly wage for all hours worked pursuant to 29 U.S.C. § 206.

23.     The putative class is so numerous that joinder of all members is impracticable. The size of the putative class is believed to be in excess of 1,000 employees. In addition, the names of

all potential members of the putative class are not known or knowable without Defendants' records or discovery.

24.     The questions of law and fact common to the putative class predominate over any questions affecting only individual members.  These questions of law and fact include, but are not limited to: (1) whether Defendants failed to pay Plaintiff and members of the putative class all earned wages; (2) whether the Defendants misclassified Plaintiff and members of the putative class as exempt from minimum wages; (3) whether the Defendants required Plaintiff and members of the putative class to perform work on its behalf and for its benefit for which they were not compensated; and (4) whether the Defendants failed to pay the statutory minimum wage rate, in violation of New York state law and California state law.

25.     The claims of the Plaintiffs are typical of the claims of the putative class. The Plaintiffs and putative class members were all subject to Defendants' policies and willful practices of failing to pay employees all earned minimum wages.  Plaintiffs and putative class members have thus sustained similar injuries as a result of the Defendants' actions.

26.     Upon information and belief, Defendants uniformly apply the same employment policies, practices, and procedures to all interns who work at Defendants' locations.

27.     Plaintiffs and their counsel will fairly and adequately protect the interests of the putative class. Plaintiffs have retained counsel experienced in complex wage and hour collective and class action litigation.

28.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy. The individual Plaintiffs and putative class action members lack the financial resources to adequately prosecute separate lawsuits against Defendants. A class action

will also prevent unduly duplicative litigation resulting from inconsistent judgments pertaining to the Defendants' policies.

## FACTS

29.    Beginning in or about 2007 until the present, Defendants employed the Plaintiffs and other members of the putative class as interns to perform various tasks related to the maintenance and operations of its mass media company.

30.    Defendants did not provide any compensation to Plaintiffs and members of the putative class for the hours worked.

31.    Defendants have benefitted from the work that Plaintiffs and members of the putative class performed.

32.    Defendants would have hired additional employees or required existing staff to work additional hours had Plaintiffs and the members of the putative class not performed work for Defendants.

33.    Defendants did not provide academic or vocational training to Plaintiffs or members of the putative class.

34.    Defendants' unlawful conduct has been pursuant to a corporate policy or practice of minimizing labor costs by denying Plaintiffs and members of the putative class wages in violation of the FLSA, NYLL and California Labor Code.

35.    Defendants' unlawful conduct, as set forth in this Complaint, has been intentional, willful, and in bad faith, and has caused significant damages to Plaintiffs and members of the putative class.

36.    While working for Defendants, Plaintiffs and the members of the putative class were regularly required to perform work for Defendants, without receiving minimum wages as required by applicable federal and state law.

37.     Specifically, Named Plaintiff Casey Ojeda was employed by the Defendants in their New York office from approximately September 2011 until January 2012.

38.     While employed as an intern, Plaintiff Ojeda was responsible for carrying out various tasks necessary to the operation and maintenance of Defendants' mobile website, such as updating and rebooting the website, coding, creating weekly spreadsheets, program design, customer management, and other similar duties.

39.     Throughout the length of his employment, Plaintiff Ojeda typically worked three days each week, seven to eight hours per day.

40.     Plaintiff Ojeda was not paid any wages, and thus was not compensated at a rate in compliance with the statutory minimum wage rate.

41.     Likewise, Plaintiff Karina Reynaga was employed by the Defendants in the Santa Monica, California office from approximately January 2012 through May 2012.

42.     While employed as an intern, Plaintiff Reynaga was responsible for assisting in the Human Resources Department. Her duties included reviewing intern resumes to match applicants with departments, creating excel spreadsheets, and other similar tasks.

43.     Throughout the length of her employment, Plaintiff Reynaga typically worked three days each week, approximately seven hours each day.

44.     Plaintiff Reynaga was not paid any wages, and thus was not compensated at a rate in compliance with the statutory minimum wage rate.

45.     Upon information and belief, members of the putative class also did not receive minimum wages, in violation of state and federal law.

## FIRST CAUSE OF ACTION:
## FLSA MINIMUM WAGE COMPENSATION

46.     Plaintiffs repeat and re-alleges the allegations set forth in paragraphs 1 through 45 hereof.

47.     Pursuant to 29 U.S.C. § 206, "Every employer shall pay to each of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, wages at the following rates: (1) except as otherwise provided in this section, not less than -- (A) $5.85 an hour, beginning on the 60th day after May 25, 2007; (B) $6.55 an hour, beginning 12 months after that 60th day; and (C) $7.25 an hour, beginning 24 months after that 60th day [July 24, 2009]."

48.     VIACOM, INC. is an employer, within the meaning contemplated, pursuant to 29 U.S.C. § 203(d).

49.     BLACK ENTERTAINMENT TELEVISION, LLC, is an employer, within the meaning contemplated, pursuant to 29 U.S.C. § 203(d).

50.     VIACOM INTERNATIONAL INC. is an employer, within the meaning contemplated, pursuant to 29 U.S.C. § 203(d).

51.     Plaintiffs and other members of the putative collective action are employees, within the meaning contemplated, pursuant to 29 U.S.C. § 203(e).

52.     Plaintiffs and other members of the putative collective action, during all relevant times, engaged in commerce or in the production of goods for commerce, or were employed in an enterprise engaged in commerce or in the production of goods for commerce.

53.     None of the exemptions of 29 U.S.C. § 213 applies to Plaintiffs or other similarly situated employees.

8

54.     Defendants violated the FLSA by failing to pay Plaintiffs and other members of the putative collective action minimum wages for all hours worked in any given week.

55.     Upon information and belief, the failure of Defendants to pay Plaintiffs and other members of the putative collective action their rightfully-owed wages was willful.

56.     By the foregoing reasons, Defendants are liable to Plaintiffs and members of the putative collective action in an amount to be determined at trial, plus liquidated damages in the amount equal to the amount of unpaid wages, interest and attorneys' fees and costs.

**SECOND CAUSE OF ACTION:**
**<u>NEW YORK MINIMUM WAGE COMPENSATION</u>**

57.     Plaintiffs repeat and re-allege the allegations set forth in paragraphs 1 through 56 hereof.

58.     Title 12 NYCRR § 142-2.1 states that, "[t]he basic minimum hourly rate shall be: (a) $5.15 per hour on and after March 31, 2000; (b) $6.00 per hour on and after January 1, 2005; (c) $6.75 per hour on and after January 1, 2006; (d) $7.15 per hour on and after January 1, 2007; (e) $7.25 per hour on and after July 24, 2009; or, if greater, such other wage as may be established by Federal law pursuant to 29 U.S.C. section 206 or any successor provisions."

59.     New York Labor Law § 663 provides that "[i]f any employee is paid by his employer less than the wage to which he is entitled under the provisions of this article, he may recover in a civil action the amount of any such underpayments, together with costs and such reasonable attorneys' fees."

60.     Pursuant to Labor Law § 651, the term "employer" includes "any individual, partnership, association, corporation, limited liability company, business trust, legal representative, or any organized group of persons acting as employer."

61.     Pursuant to New York Labor Law §§ 190, *et seq.*, 650, *et seq.*, and the cases interpreting same, VIACOM, INC. is an "employer."

62.     Pursuant to New York Labor Law §§ 190, *et seq.*, 650, *et seq.*, and the cases interpreting same, BLACK ENTERTAINMENT TELEVISION, LLC is an "employer."

63.     Pursuant to New York Labor Law §§ 190, *et seq.*, 650, *et seq.*, and the cases interpreting same, VIACOM INTERNATIONAL INC. is an "employer."

64.     Pursuant to Labor Law § 651, the term "employee" means "any individual employed or permitted to work by an employer in any occupation."

65.     As persons employed for hire by Defendants, Plaintiffs and members of the putative class are "employees," as understood in Labor Law § 651.

66.     The minimum wage provisions of Article 19 of the NYLL and the supporting New York State Department of Labor Regulations apply to Defendants and protect Plaintiffs and members of the putative class.

67.     Upon information and belief, Defendants violated New York Labor Law § 650 et seq. and 12 NYCRR § 142-2.1 by failing to pay Plaintiffs and other members of the putative class minimum wages for all hours worked in any given week.

68.     Upon information and belief, the failure of Defendants to pay Plaintiffs and other members of the putative class their rightfully-owed wages was willful.

69.     By the foregoing reasons, Defendants have violated New York Labor Law § 650 et seq. and 12 NYCRR § 142-2.1, and are liable to Plaintiffs and other members of the putative class action in an amount to be determined at trial, plus damages, interest, attorneys' fees and costs.

## THIRD CAUSE OF ACTION:
## <u>NEW YORK FAILURE TO PAY WAGES</u>

70.     Plaintiffs repeat and re-allege the allegations set forth in paragraphs 1 through 69 hereof.

71.     Pursuant to Article Six of the New York Labor Law, workers, such as Plaintiffs and other members of the putative class, are protected from wage underpayments and improper employment practices.

72.     Pursuant to New York Labor Law § 652, and the supporting New York State Department of Labor Regulations, "every employer shall pay to each of its employees for each hour worked a wage of not less than . . .  $7.15 on and after January 1, 2007, or, if greater, such other wage as may be established by federal law pursuant to 29 U.S.C. section 206 or its successors, or such other wage as may be established in accordance with the provisions of this article."

73.     Pursuant to New York Labor Law § 190, the term "employee" means "any person employed for hire by an employer in any employment."

74.     As persons employed for hire by Defendants, Plaintiffs and other members of the putative class are "employees," as understood in Labor Law § 190.

75.     Pursuant to New York Labor Law § 190, the term "employer" includes "any person, corporation, limited liability company, or association employing any individual in any occupation, industry, trade, business or service."

76.     As entities that hired the Plaintiffs and other members of the putative class, VIACOM, INC., VIACOM INTERNATIONAL INC. and BLACK ENTERTAINMENT TELEVISION, LLC are "employers."

77.     The Plaintiffs and other members of the putative class agreed upon wage rate was within the meaning of New York Labor Law §§ 190, 191 and 652.

78.     Pursuant to New York Labor Law § 191 and the cases interpreting the same, workers such as Plaintiffs and other members of the putative class are entitled to be paid all their weekly wages "not later than seven calendar days after the end of the week in which the wages are earned."

79.     In failing to pay the Plaintiffs and other members of the putative class proper wages, Defendants violated New York Labor Law § 191.

80.     Pursuant to New York Labor Law § 193, "No employer shall make any deduction from the wages of an employee," such as Plaintiffs and other members of the putative class, that is not otherwise authorized by law or by the employee.

81.     By withholding wages from Plaintiffs and other members of the putative class, pursuant to New York Labor Law § 193 and the cases interpreting the same, Defendants made unlawful deductions in wages owed to Plaintiffs and other members of the putative class.

82.     Upon information and belief, Defendants' failure to pay Plaintiffs and members of the putative class minimum wages was willful.

83.     By the foregoing reasons, Defendants have violated New York Labor Law § 198 and are liable to Plaintiffs and other members of the putative class in an amount to be determined at trial, plus damages, interest, attorneys' fees and costs.

**FOURTH CAUSE OF ACTION:**
**CALIFORNIA MINIMUM WAGE**

84.     Plaintiffs repeat and re-allege the allegations set forth in paragraphs 1 through 83 hereof.

85.     Pursuant to California Labor Code Sections 201, 203, 215, 216, 226, 1194, 1194.2, 1197 and 1199, it is unlawful for an employer to suffer or permit an employee to work without paying wages for all hours worked, as required by the applicable Industrial Welfare Commission ("IWC") Wage Order, including but not limited to failing to keep records of and correctly report hours worked.

86.     California Labor Code sections 1194 and 1194.2 provide that any employee receiving less than the legal minimum wage is entitled to recover the unpaid balance of the full amount of this minimum wage compensation in a civil action plus an additional equal amount as liquidated damages, interest thereon, as well as reasonable attorneys' fees and cost of suit.

87.     Defendants failed to pay the Plaintiffs and the putative class members the minimum wage for all hours worked as required by the applicable law, including the California Labor Code and IWC Wage Orders.

**FIFTH CAUSE OF ACTION:**
**UNFAIR COMPETITION AND UNFAIR BUSINESS PRACTICES**

88.     Plaintiffs repeat and re-allege the allegations set forth in paragraphs 1 through 87 hereof.

89.     California Business and Professions Code section 17200, *et seq.,* prohibits unfair competition, that is, any unlawful, unfair or fraudulent business practice. A representative action pursuant to California Business & Professions Code sections 17200, 17203, and 17204 on behalf of the Plaintiffs and general public is appropriate and necessary because as a general business practice, Defendants have not, and are not, paying for all hours worked by the Plaintiffs and putative class members, contrary to the laws of the State of California.

90.     California Labor Code section 90.5(a) states that it is the public policy of California to vigorously enforce minimum labor standards to ensure employees are not required to work

13

under substandard and unlawful conditions, and to protect employers who comply with the law from those who attempt to gain competitive advantage at the expense of their workers by failing to comply with minimum labor standards.

91.     Defendants' failure to pay legally required compensation under the Wage Orders and Labor Code, as alleged above, constitute unlawful and/or unfair activity prohibited by Business and Professions Code § 17200.

92.     Defendants have committed acts of unfair competition as defined by Business & Professions Code section 17200, *et seq.*, by engaging in the unlawful practices described in this Complaint.

93.     As a result of their unlawful and/or unfair acts, Defendants have reaped and continue to reap unfair benefits and illegal profits at the expense of Plaintiffs and members of the putative class. Defendants should be enjoined from this activity and made to disgorge these ill-gotten gains and restore to Plaintiffs and putative class members the wrongfully withheld wages and related penalties to compensate class members for delay in receiving wages due, pursuant to Business and Professions Code §§ 17202 and 17203.

94.     As a direct and proximate result of the aforementioned acts, Plaintiffs and the putative class have suffered a loss of wages in an amount to be proven at trial. The acts and practices described above constitute an unfair, unlawful or fraudulent business practice, and unfair competition, within the meaning of Business & Professions Code section 17200, *et seq.,* because they force Plaintiffs and the other similarly situated workers to work under substandard conditions, while enabling Defendants to gain an unfair competitive advantage over law-abiding employers and competitors.

95.    Plaintiffs' success in this action will enforce important rights affecting the public interest and in that regard Plaintiffs sue on behalf of the public as well as themselves and others similarly situated.

**WHEREFORE**, Plaintiff, individually and on behalf of all other persons similarly situated who were employed by Defendants, demand judgment:

(1)    on the first cause of action against Defendants, in an amount to be determined at trial plus liquidated damages in the amount equal to the amount of unpaid wages, interest, attorneys' fees and costs;

(2)    on the second cause of action against Defendants, in an amount to be determined at trial, plus liquidated damages in the amount equal to the amount of unpaid wages, interest, attorneys' fees and costs;

(3)    on the third cause of action against Defendants, in an amount to be determined at trial, plus damages, interest, attorneys' fees and costs, pursuant to the cited New York Labor Law provisions;

(4)    on the fourth cause of action against Defendants, in an amount to be determined at trial, plus damages, interest, attorneys' fees and costs, pursuant to the cited California Labor Law provisions;

(5)    on the fifth cause of action against Defendants, in an amount to be determined at trial, plus damages, interest, attorneys' fees and costs, pursuant to the cited California Unfair Competition and Unfair Business Practices provisions;

(6)    together with such other and further relief as this Court may deem just and proper.

Dated: New York, New York
          September 10, 2014

                              VIRGINIA & AMBINDER, LLP


                    By:    /s/ Lloyd R. Ambinder
                           LaDonna Lusher
                           111 Broadway, Suite 1403
                           New York, New York 10006
                           Tel:    (212) 943-9080
                           Fax:    (212) 943-9082
                           lambinder@vandallp.com

LEEDS BROWN LAW, P.C.
Jeffrey K. Brown
Michael A. Tompkins
Daniel H. Markowitz
One Old Country Road, Suite 347
Carle Place, NY 11514
Tel: (516) 873-9550
jbrown@leedsbrownlaw.com

*Attorneys for Plaintiffs and the putative class*