UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

CASEY OJEDA and KARINA REYNAGA,
individually and on behalf of other persons
similarly situated who were employed by
VIACOM INC., BLACK ENTERTAINMENT
TELEVISION, LLC, VIACOM
INTERNATIONAL INC. and/or any other
entities affiliated with or controlled by
VIACOM INC., BLACK ENTERTAINMENT
TELEVISION, LLC, VIACOM
INTERNATIONAL INC.,

                    Plaintiffs,

              -against-

VIACOM INC., BLACK ENTERTAINMENT
TELEVISION, LLC, VIACOM
INTERNATIONAL INC., and/or any other
entities affiliated with or controlled by
VIACOM INC., BLACK ENTERTAINMENT
TELEVISION, LLC, VIACOM
INTERNATIONAL INC.,

                    Defendants.

---

Case No. 13-cv-5658 (JMF)

**ANSWER TO SECOND AMENDED
CLASS ACTION COMPLAINT**

Defendants Viacom Inc., Black Entertainment Television, LLC, and Viacom International Inc. ("Defendants"), by their attorneys, answer the Second Amended Class Action Complaint (Docket #82, and referred to herein as the "Second Amended Complaint") as follows:

1.      Defendants deny the allegations contained in Paragraph 1 of the Second Amended Complaint, except admit that plaintiffs Casey Ojeda ("Ojeda") and Karina Reynaga ("Reynaga," and, together with Ojeda, "Plaintiffs") purport to assert claims under the statutes and regulations

referenced therein on behalf of themselves and certain others alleged to be similarly situated to Plaintiffs.  Further answering, Defendants deny that class or collective treatment is appropriate.

2.      Defendants deny the allegations contained in Paragraph 2 of the Second Amended Complaint.  Further answering, Defendants deny that class or collective treatment is appropriate.

3.      Defendants deny the allegations contained in Paragraph 3 of the Second Amended Complaint.  Further answering, Defendants deny that class or collective treatment is appropriate.

4.      Defendants deny the allegations contained in Paragraph 4 of the Second Amended Complaint.  Further answering, Defendants deny that class or collective treatment is appropriate.

5.      Defendants deny the allegations contained in Paragraph 5 of the Second Amended Complaint, except admit that Plaintiffs have commenced this action purporting to recover alleged unpaid minimum wages on behalf of themselves and certain others alleged to be similarly situated to Plaintiffs.  Further answering, Defendants deny that class or collective treatment is appropriate.

6.      Paragraph 6 of the Second Amended Complaint sets forth legal conclusions to which no responsive pleading is required.

7.      Paragraph 7 of the Second Amended Complaint sets forth legal conclusions to which no responsive pleading is required.

8.      Paragraph 8 of the Second Amended Complaint sets forth legal conclusions to which no responsive pleading is required.

9.      Paragraph 9 of the Second Amended Complaint sets forth legal conclusions to which no responsive pleading is required.

10.     Defendants deny the allegations contained in Paragraph 10 of the Second Amended Complaint, except those which set forth legal conclusions to which no responsive pleading is required.

11.     Defendants deny the allegations contained in Paragraph 11 of the Second Amended Complaint, except deny knowledge or information sufficient to form a belief as to Ojeda's current residence.

12.     Defendants deny the allegations contained in Paragraph 12 of the Second Amended Complaint, except deny knowledge or information sufficient to form a belief as to Reynaga's current residence.

13.     Defendants deny the allegations contained in Paragraph 13 of the Second Amended Complaint.

14.     Defendants deny the allegations contained in Paragraph 14 of the Second Amended Complaint, except admit that Viacom Inc. is a Delaware business corporation authorized to do business in New York with an office at 1515 Broadway, New York, New York.

15.     Defendants deny the allegations contained in Paragraph 15 of the Second Amended Complaint, except admit that Black Entertainment Television, LLC is a foreign business corporation authorized to do business in New York with a principal place of business at 1235 W Street NE, Washington, DC 20018-1211.

16.     Defendants deny the allegations contained in Paragraph 16 of the Second Amended Complaint, except admit that Viacom International Inc. is a Delaware business corporation authorized to do business in New York with an office at 1515 Broadway, New York, New York.

17.     Paragraph 17 of the Second Amended Complaint sets forth legal conclusions to which no responsive pleading is required.

18.     Defendants admit the allegations contained in Paragraph 18 of the Second Amended Complaint.

19.     Defendants reassert their responses to Paragraphs 1-18 of the Second Amended Complaint as if fully set forth herein.

20.     Defendants deny the allegations contained in Paragraph 20 of the Second Amended Complaint.

21.     Defendants deny the allegations contained in Paragraph 21 of the Second Amended Complaint, except admit that Plaintiffs participated in educational internship programs within subsidiaries of Viacom International Inc.

22.     Defendants deny the allegations contained in Paragraph 22 of the Second Amended Complaint.

23.      Defendants deny the allegations contained in Paragraph 23 of the Second Amended Complaint, except deny knowledge or information sufficient to respond to the allegation concerning plaintiffs' belief as to the size of the putative class.

24.     Defendants deny the allegations contained in Paragraph 24 of the Second Amended Complaint.

25.     Defendants deny the allegations contained in Paragraph 25 of the Second Amended Complaint.

26.     Defendants deny the allegations contained in Paragraph 26 of the Second Amended Complaint.

27.     Defendants deny the allegations contained in Paragraph 27 of the Second Amended Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence concerning experience of Plaintiffs' counsel.

28.     Defendants deny the allegations contained in Paragraph 28 of the Second Amended Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning the individual Plaintiffs' and putative class members' resources.

29.     Defendants deny the allegations contained in Paragraph 29 of the Second Amended Complaint.

30.     Defendants deny the allegations contained in Paragraph 30 of the Second Amended Complaint, except admit that Plaintiffs participated in unpaid educational internship programs within subsidiaries of Viacom International Inc.

31.     Defendants deny the allegations contained in Paragraph 31 of the Second Amended Complaint.

32.     Defendants deny the allegations contained in Paragraph 32 of the Second Amended Complaint.

33.     Defendants deny the allegations contained in Paragraph 33 of the Second Amended Complaint.

34.     Defendants deny the allegations contained in Paragraph 34 of the Second Amended Complaint.

35.     Defendants deny the allegations contained in Paragraph 35 of the Second Amended Complaint.

36.     Defendants deny the allegations contained in Paragraph 36 of the Second Amended Complaint.

37.     Defendants deny the allegations contained in Paragraph 37 of the Second Amended Complaint.

38.     Defendants deny the allegations contained in Paragraph 38 of the Second Amended Complaint, except admit that Plaintiff Ojeda participated in an educational internship program within a subsidiary of Viacom International Inc., and within a division and department of that subsidiary that was involved with mobile media applications.

39.     Defendants deny the allegations contained in Paragraph 39 of the Second Amended Complaint.

40.     Defendants deny the allegations contained in Paragraph 40 of the Second Amended Complaint, except admit that Plaintiff Ojeda participated in an unpaid educational internship program within a subsidiary of Viacom International Inc.

41.     Defendants deny the allegations contained in Paragraph 41 of the Second Amended Complaint.

42.     Defendants deny the allegations contained in Paragraph 42 of the Second Amended Complaint, except admit that Plaintiff Reynaga participated in an educational internship program within a subsidiary of Viacom International Inc., and within the Human Resources department of that subsidiary.

43.     Defendants deny the allegations contained in Paragraph 43 of the Second Amended Complaint.

44.     Defendants deny the allegations contained in Paragraph 44 of the Second Amended Complaint, except admit that Plaintiff Reynaga participated in an unpaid educational internship program within a subsidiary of Viacom International Inc.

45.     Defendants deny the allegations contained in Paragraph 45 of the Second Amended Complaint, including that class or collective treatment is appropriate.

46.     Defendants reassert their responses to Paragraphs 1-45 of the Second Amended Complaint as if fully set forth herein.

47.     Paragraph 47 of the Second Amended Complaint sets forth legal conclusions to which no responsive pleading is required.

48.     Paragraph 48 sets forth a legal conclusion to which no responsive pleading is required.

49.     Paragraph 49 sets forth a legal conclusion to which no responsive pleading is required.

50.     Paragraph 50 sets forth a legal conclusion to which no responsive pleading is required.

51.     Defendants deny the allegations contained in Paragraph 51 of the Second Amended Complaint.

52.     Defendants deny the allegations contained in Paragraph 52 of the Second Amended Complaint.

53.     Defendants deny the allegations contained in Paragraph 53 of the Second Amended Complaint, except for those which set forth legal conclusions to which no responsive pleading is required.

54.     Defendants deny the allegations contained in Paragraph 54 of the Second Amended Complaint.

55.     Defendants deny the allegations contained in Paragraph 55 of the Second Amended Complaint.

56.     Defendants deny the allegations contained in Paragraph 56 of the Second Amended Complaint.

57.     Defendants reassert their responses to Paragraphs 1-56 of the Second Amended Complaint as if fully set forth herein.

58.     Paragraph 58 of the Second Amended Complaint sets forth legal conclusions to which no responsive pleading is required.

59.     Paragraph 59 of the Second Amended Complaint sets forth legal conclusions to which no responsive pleading is required.

60.     Paragraph 60 of the Second Amended Complaint sets forth legal conclusions to which no responsive pleading is required.

61.     Paragraph 61 of the Second Amended Complaint sets forth legal conclusions to which no responsive pleading is required.

62.     Paragraph 62 of the Second Amended Complaint sets forth legal conclusions to which no responsive pleading is required.

63.     Paragraph 63 of the Second Amended Complaint sets forth legal conclusions to which no responsive pleading is required.

64.     Paragraph 64 of the Second Amended Complaint sets forth legal conclusions to which no responsive pleading is required.

65.     Defendants deny the allegations contained in Paragraph 65 of the Second Amended Complaint.

66.     Defendants deny the allegations contained in Paragraph 66 of the Second Amended Complaint.

67.     Defendants deny the allegations contained in Paragraph 67 of the Second Amended Complaint.

68.     Defendants deny the allegations contained in Paragraph 68 of the Second Amended Complaint.

69.     Defendants deny the allegations contained in Paragraph 69 of the Second Amended Complaint.

70.     Defendants reassert their responses to Paragraphs 1-69 of the Second Amended Complaint as if fully set forth herein.

71.     Defendants deny the allegations contained in Paragraph 71 of the Second Amended Complaint.

72.     Paragraph 72 of the Second Amended Complaint sets forth legal conclusions to which no responsive pleading is required.

73.     Paragraph 73 of the Second Amended Complaint sets forth legal conclusions to which no responsive pleading is required.

74.     Defendants deny the allegations contained in Paragraph 74 of the Second Amended Complaint.

75.     Paragraph 75 of the Second Amended Complaint sets forth legal conclusions to which no responsive pleading is required.

76.     Defendants deny the allegations contained in Paragraph 76 of the Second Amended Complaint.

77.     Paragraph 77 sets forth an incomprehensible sentence fragment to which Defendants cannot craft a response.

78.     Defendants deny the allegations contained in Paragraph 78 of the Second Amended Complaint.

79.     Defendants deny the allegations contained in Paragraph 79 of the Second Amended Complaint.

80.     Defendants deny the allegations contained in Paragraph 80 of the Second Amended Complaint, except for those which set forth legal conclusions to which no responsive pleading is required.

81.     Defendants deny the allegations contained in Paragraph 81 of the Second Amended Complaint.

82.     Defendants deny the allegations contained in Paragraph 82 of the Second Amended Complaint.

83.     Defendants deny the allegations contained in Paragraph 83 of the Second Amended Complaint.

84.     Defendants reassert their responses to Paragraphs 1-83 of the Second Amended Complaint as if fully set forth herein.

85.     Paragraph 85 of the Second Amended Complaint sets forth legal conclusions to which no responsive pleading is required.

86.     Paragraph 86 of the Second Amended Complaint sets forth legal conclusions to which no responsive pleading is required.

87.     Defendants deny the allegations contained in Paragraph 87 of the Second Amended Complaint.

88.     Defendants reassert their responses to Paragraphs 1-87 of the Second Amended Complaint as if fully set forth herein.

89.     Defendants deny the allegations contained in Paragraph 89 of the Second Amended Complaint, except those parts of Paragraph 89 which set forth legal conclusions to which no responsive pleading is required.

90.     Paragraph 90 of the Second Amended Complaint sets forth legal conclusions to which no responsive pleading is required.

91.     Defendants deny the allegations contained in Paragraph 91 of the Second Amended Complaint, except those parts of Paragraph 91 which set forth legal conclusions to which no responsive pleading is required.

92.     Defendants deny the allegations contained in Paragraph 92 of the Second Amended Complaint.

93.     Defendants deny the allegations contained in Paragraph 93 of the Second Amended Complaint.

94.     Defendants deny the allegations contained in Paragraph 94 of the Second Amended Complaint.

95.     Defendants deny the allegations contained in Paragraph 95 of the Second Amended Complaint.

96.     Defendants deny any factual allegations which may be contained in the Prayer for Relief, and respectfully request that the Court deny Plaintiffs' request for class or collective treatment and for any and all monetary and equitable relief, including attorney's fees and costs.

## DEFENSES

1.      The Complaint and each claim fails to state a claim upon which relief can be granted.

2.      Plaintiffs and any and all putative collective and class action members are not "employees" within the meaning of the FLSA, NYLL and California Labor Code.

3.      Plaintiffs and any and all putative collective and class action members were engaged in a private sector internship and/or training program, and thus were not entitled to compensation pursuant to United States Department of Labor guidance.

4.      Plaintiffs' claims and the claims of any and all putative collective action and class members are barred in whole or in part by the applicable statute of limitations.

5.      Plaintiffs cannot satisfy the requirements for a class action under Fed. R. Civ. P. 23 or a collective action under 29 U.S.C. § 216, because, among other reasons, Plaintiffs are inappropriate representatives for their respective putative classes.

6.      Even if Plaintiffs or the collective action members are entitled to any unpaid wages, Defendants did not willfully violate the FLSA, and therefore Plaintiffs are not entitled to a three-year statute of limitations.

7.      Plaintiffs' claims and the claims of the putative collective and class action members for liquidated damages are barred because Defendants acted in good faith, nonwillfully, and with reasonable grounds for believing that their conduct, including their classification of their interns as not subject to the FLSA, NYLL and California Labor Code, was lawful.

8.      Plaintiffs and any and all collective and/or class action members are not entitled to any relief under the FLSA, because, to the extent that they performed work and were not compensated, they worked without Defendants' knowledge or mutual assent.

9.      Defendants' actions, as complained of in the Second Amended Complaint, were taken in good faith, and in conformity with and in reliance on written interpretations of the Fair Labor Standards Act promulgated by the Secretary of Labor, and Defendants therefore have a complete defense to Plaintiffs' claims, pursuant to § 10 of the Portal-to-Portal Act, 29 U.S.C. § 259.

10.     Plaintiffs' claims and the claims of any and all putative collective and class action members are barred because such claims have been waived, discharged, or abandoned.

11.     Plaintiffs' claims and the claims of any and all collective and/or class action members are barred, based on the doctrine of unclean hands.

12.     The hours Plaintiffs and the collective and/or class action members claim to have worked are not hours worked and/or the participants in the internship programs are not deemed to be working within the meaning of the term applicable under the Fair Labor Standards Act, New York State law, and California State law.

13.     Plaintiffs' claims and the claims of any and all collective and class action members are barred, in whole or in part, because they are estopped by their own conduct to claims and right to damages or other monetary relief from Defendants.

14.     Defendants are entitled to a credit for or setoff against amounts paid to Plaintiffs and the putative collective and/or class action members in the course of their internships.

15.     Plaintiffs' claims and the claims of any and all collective and/or class action members are barred, in whole or in part, because some of the activities for which they demand compensation are *de minimis* under the FLSA, NYLL and California Labor Code.

16.     Plaintiffs and the putative collective and class action members are not entitled to equitable relief insofar as they have an adequate remedy at law.

-13-

17.     Plaintiffs' claims and the claims of any and all collective and/or class action members are barred by their ratification and/or consent to the actions allegedly undertaken.

18.     Plaintiffs and the collective and/or class action members are youth, students and/or learners within the meaning applicable under the FLSA, NYLL and California Labor Code.

19.     Plaintiffs' claims and the claims of any and all collective and/or class action members for equitable relief are barred by the doctrine of laches.

20.     Defendants assert that they presently have insufficient knowledge or information upon which to form a belief as to whether they may have additional, as yet unstated, affirmative defenses available.  Defendants reserve the right to assert additional defenses in the event that discovery reveals that such defenses would be appropriate.

WHEREFORE, Defendants request that all counts be dismissed with prejudice and that they be awarded such other relief as the Court deems fair and just.

Respectfully submitted,

VEDDER PRICE P.C.

By:   s/ Lyle Zuckerman
          Lyle S. Zuckerman
          Michael J. Goettig
          1633 Broadway
          47th Floor
          New York, New York  10019
          T:  +1 (212) 407-7700

Dated:  September 29, 2014