UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CASEY OJEDA and KARINA REYNAGA, individually and on behalf of other persons similarly situated,

Plaintiffs,

- against –

VIACOM INC., VIACOM INTERNATIONAL INC., and BLACK ENTERTAINMENT TELEVISION, LLC,

Defendants.

No. 13 CV 5658 (JMF)(GWG)

**DECLARATION OF LaDONNA M. LUSHER IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF THE PROPOSED SETTLEMENT, CERTIFICATION OF THE SETTLEMENT CLASS, APPOINTMENT OF PLAINTIFFS' COUNSEL AS CLASS COUNSEL, AND APPROVAL OF PLAINTIFFS' NOTICE OF PROPOSED SETTLEMENT OF CLASS AND COLLECTIVE ACTION AND CLAIM FORM AND RELEASE**

LaDONNA M. LUSHER, an attorney admitted to practice law in the State of New York and before the United States District Court for the Southern District of New York, hereby affirms under the penalties of perjury that:

1. I am a partner with the firm of Virginia & Ambinder, LLP and, along with the firm Leeds Brown Law, P.C., represent Plaintiffs in this action. I submit this declaration in support of Plaintiffs' request that the Court preliminarily approve the settlement reached by the parties, certify the settlement class pursuant to Fed. R. Civ. P. 23, and approve the Notice of Proposed Settlement of Class and Collective Action and Claim and Release Form.

**BACKGROUND**

2. This is an action pursuant to the Fair Labor Standards Act (hereinafter referred to as "FLSA"), 29 U.S.C. §§207 and 216(b); New York Labor Law § 190 *et seq.*; New York Labor

Law §§ 633 and 650 *et seq*.; 12 New York Codes, Rules, and Regulations (hereinafter referred to as "NYCRR") §§ 146-1.2, 146.3; California Labor Code §§ 221, 223, 1194, 1194.2, 1197; Cal. Unlawful and/or Unfair Business Practices (Bus. & Prof. Code §§ 17200-17208); and Cal. Industrial Welfare Commission ("IWC") Wage Orders to recover unpaid wages and overtime compensation allegedly owed to Plaintiffs Casey Ojeda ("Ojeda") and Karina Reynaga ("Reynaga") (the "Named Plaintiffs") and all similarly-situated persons (collectively "Plaintiffs") whose title at Viacom Inc., Viacom International Inc., and/or Black Entertainment Television, LLC (collectively "Viacom" or "Defendants"), as reflected in Viacom's records, included the term "Intern" and who were not paid any compensation or were paid compensation at a rate less than the applicable minimum wage during the period beginning August 13, 2007 through June 1, 2013. The gravamen of Plaintiffs' claims is that the Named Plaintiffs and Class Members were not paid minimum wages for all the hours that they worked and proper overtime compensation.

3. In order to avoid the uncertainties of litigation and costs associated with the continued prosecution of this matter, the parties have entered into a Joint Stipulation of Settlement and Release (the "Stipulation" or "Agreement"), attached hereto as Exhibit 1, along with the proposed Claim Form and Release, Notice of Proposed Settlement of Class and Collective Action Lawsuit and Fairness Hearing, and proposed Preliminary Approval Order attached to the Settlement Agreement as Exhibits A, B and C, respectively.

4. The Defendants agree to settle this litigation, but have articulated their positions to Plaintiffs that, *inter alia*: (i) Defendants properly classified interns as non-employees (and therefore exempt from minimum wage requirements) by virtue of their participation in a bona fide educational internship program, (ii) the putative class should not be certified under FRCP 23, and (iii) the conditionally certified FLSA collective should be decertified. By settling this litigation,

Defendants maintain that they do not admit that they violated any law, rule or regulation, or otherwise acted improperly with respect to interns.

**CLASS CERTIFICATION SHOULD BE GRANTED FOR SETTLEMENT PURPOSES**

5. Certification of the class members of individuals who were Interns with Viacom from August 13, 2007 through June 1, 2013 in New York ("NY Class" and "NY Class Members"), and from September 11, 2010 through June 1, 2013 in California ("California Class" and "California Class Members") (collectively "Rule 23 Class Members."), for settlement purposes is appropriate under Fed. R. Civ. P. 23. A class action is the most efficient, most effective and least costly method of resolving this dispute.

***Numerosity***

6. Based upon representations from Defendants, the class is believed to contain in excess of 12,500 putative class members. It is clear that the class is so numerous that joinder of all members is impracticable.

***Commonality and Predominance***

7. It is the Plaintiffs' position that there are common questions of law and/or fact that predominate over questions affecting only individual members. These common questions include:

Common Factual Questions:

a) Whether Defendants paid Plaintiffs and members of the putative class all earned minimum and overtime wages;

b) Whether the Defendants required Plaintiffs and members of the putative class to perform work on their behalf and for their benefit for which they were not compensated in accordance with New York and California labor laws.

Common Legal Questions:

a) Whether the Defendants misclassified Plaintiffs and members of the putative class as exempt from minimum and overtime wages.

8. It is the Plaintiffs' position that the commonality of these issues is evident. Each of these core issues involves the existence of a common nucleus of operative facts based on Defendants' common policies and procedures.

9. Moreover, as all interns were similarly classified as exempt and not paid minimum and overtime wages for all hours worked, it is the Plaintiffs' position that the harm that the Named Plaintiffs allegedly suffered in this case is identical to the harm allegedly suffered by each and every member of the class.

10. Moreover, settlement damages will be easily calculated by applying a mechanical formula to the class as a whole, so that every Class Member has the requisite informed consent in electing to participate, opt-out or do nothing as part of this proposed settlement.

11. All Class Members who timely file a Claim Form, a copy of a government-issued identification such as a passport or driver's license and W-4 Form, and whose Claim Form and W-4 Form are properly completed and submitted, shall be issued a Settlement Check by the Settlement Claims Administrator in accordance with the Final Approval Order ("Participating Claimant"), provided that the Stipulation is not terminated for any of the reasons set forth in Section 8 of the Stipulation.

12. Each Participating Claimant will receive a Settlement Check in the gross amount before taxes equal to Five-Hundred Five Dollars ($505) for each traditional academic semester in which the Participating Claimant was an Intern with Defendants (subject to the termination of the Stipulation as set forth in Section 8 therein); provided, however, that (i) in no event will any

Participating Claimant receive a Settlement Check for more than two traditional academic semesters (totaling One Thousand Ten Dollars ($1,010), irrespective of how many academic semesters in which the Participating Claimant was an Intern with Defendants; and (ii) to receive payment for a second traditional academic semester, the Participating Claimant must have been an Intern with Defendants for at least 3 weeks during that second semester.

***Typicality***

13. The Named Plaintiffs' claims are typical of the claims of the members of the putative class. The Named Plaintiffs, like every other member of the class, were entitled to receive minimum wages and overtime wages for all hours worked. The Named Plaintiffs, like every member of the putative class, have therefore been injured by Defendants in the same manner.

***Fair and Adequate Representation***

14. Plaintiffs and their counsel will fairly and adequately represent and safeguard the rights and interests of the class.

15. Proposed Class Counsel are experienced litigators who have successfully represented classes in numerous class actions and have considerable experience in labor law cases.

16. Examples of some of the class and collective actions in which Virginia & Ambinder, LLP have represented plaintiffs include: Espinoza v. 953 Assocs. LLC, 280 F.R.D. 113, 129-130 (S.D.N.Y. 2011) (Scheindlin, J.); Lujan v. Cabana Management, Inc., Index No. 10-cv-755 (E.D.N.Y. Feb. 1 2011) (Block, J.); Zepeda et al. v. Franari Produce Distributors Inc., et al., (EDNY 10-cv-2588) (Bianco, J.); McBeth, et al. v. Gabrelli Truck Sales Ltd., et al. (EDNY 09cv 4112) (Wexler, J.); Kopacz, et al. v. St. Paul Fire and Marine Insurance Co., et al., Index No. 111154-2008 (Sup.Ct.N.Y.Co. 2011); Dabrowski v. ABAX Inc., 2010 NY Slip Op 31981U, aff'd 4 A.D.3d 633 (1st Dept. 2011); In re Penthouse Exec. Club Comp. Litig., 2010 U.S. Dist. LEXIS

114743 (S.D.N.Y. Oct. 27, 2010); Brieno v. USI Servs. Group, 2010 U.S. Dist. LEXIS 78672 (E.D.N.Y. Aug. 3, 2010); Cardona v The Maramont Corporation, 2009 NY Slip Op 32695U (Sup.Ct.N.Y.Co. Nov. 12, 2009); Kudinov v. Kel-Tech Construction Inc., 65 A.D.3d 481 *(1st Dept.* 2009); Morris v. Alle Processing, Corp., Docket No. 08-CV-4874 (E.D.N.Y. Dec. 22, 2009); Nawrocki v. Crimson Construction, Docket No. 08-CV-3153 (E.D.N.Y. June 17, 2009); Cox v. Nap Construction Company, Inc., Index No. 11179/03 (Sup. Ct. N.Y. Co. 2004) (Cahn, J.), aff'd, 10 N.Y.3d 592 (2008); Galdamez v. Biordi Constr. Corp., 13 Misc. 3d 1224A (Sup.Ct.N.Y.Co. June 8 2006), aff'd 50 A.D.3d 357 (Apr. 8, 2008); Gonzalez v. Nicholas Zito Racing Stable, Inc., 2008 U.S. Dist. LEXIS 27598 (E.D.N.Y. Mar. 31, 2008); Guzman v. VLM, Inc., 2008 U.S. Dist. LEXIS 15821 (S.D.N.Y. Mar. 2, 2008); Pajaczek v. Cema Constr. Corp. 2008 NY Slip Op 50386U (Sup.Ct.N.Y.Co. Feb. 21, 2008); De La Cruz v. Caddell Dry Dock & Repair Co., Inc., Index No. 26220-2002 (Sup.Ct. Bronx.Co. Jan. 9, 2007); Brandy v. Canea Mare Construction, Inc., 4 A.D.3d 512 (2nd Dept. 2006); Rodriguez v. Apple Builders & Renovators, Inc., et al., Index No. 114971-2005 (Sup.Ct.N.Y.Co. Nov. 1, 2006); Hoffman v. New York Stone Co., Index No. 111823-2005 (Sup.Ct.N.Y.Co. Sept. 29, 2006); Wysocki v. Kel-Tech Construction, Inc., Index No. 603591-2003 (Sup.Ct.N.Y.Co. Sept. 26, 2005); Velez v. Majik Cleaning Serv., 2005 U.S. Dist. LEXIS 709 (S.D.N.Y. Jan. 19, 2005); Alfaro v. Vardaris Tech, Inc., 69 A.D.3d 436 (1st Dept. 2010); Barone v. Safway Steel Products, Inc., 2005 WL 2009882 (E.D.N.Y. 2005); Brunson v. City of New York, 94 Civ. 4507 (S.D.N.Y.); Andrejuk v. National Environmental Safety Co. Inc., 94 Civ. 4638 (S.D.N.Y.); Pesantez v. Boyle Environmental Services, Inc., Index No. 128988/93 (Sup. Ct. N.Y. Co. 1998) (Cahn, J.), *aff'd* 251 A.D.2d 11, 673 N.Y.S.2d 659 (1st Dept. 1998); Sullivan v. True Plumbing and Heating Corp., et al., Index No. 600409/95 (Sup Ct. N.Y. Co. 1997)

(Gammerman, J.), *aff'd sub. nom.*, Sullivan v. International Fidelity Co., 225 A.D.2d 128, 679 N.Y.S.2d 391 (1st Dept. 1998).

17. Leeds Brown Law, P.C. also has considerable experience litigating employment discrimination and wage and hour lawsuits, many of which have been collective and class actions.

18. Numerous courts have approved class settlements with Virginia & Ambinder, LLP and Leeds Brown Law, P.C. as class counsel. Examples include the following: Martin v. Restaurant Associates Events, 53700/2011 (Westchester Cty. Sup. Ct. Oct. 16, 2014), Ruiz v. Scotto's Smithtown Restaurant Corp., 600317/2010 (Nassau Cty. Sup. Ct. April 2, 2013), Toro v. Executive Club, 10-cv-1545 (S.D.N.Y. Aug. 29, 2012), Toledo v. DCJ Catering Corp, 600944/2011 (Nassau Cty. Sup. Ct. Dec. 21, 2012).

19. The interests of the class will also be fairly and adequately protected by the Named Plaintiffs. The Named Plaintiffs have a real and direct pecuniary interest in pursuing this action, having participated in an unpaid internship with Defendants.

20. Additionally, to the best of Class Counsel's knowledge, there is no competing litigation already commenced by any member of the class.

***Superiority***

21. A class action in this case is superior to other available methods for the fair and efficient adjudication of the controversy. The alternative would be to require 12,500 individual actions, which is neither an effective means by which to accomplish justice, nor an economical use of the Court's time and resources.

22. Certification of the class would also avoid the possibility of conflicting determinations and the imposition of different and perhaps incompatible standards upon

Defendants. There are no difficulties likely to be encountered in the management of this action as a class action.

23. Further, given the expense of litigation and the relatively small size of numerous individual claims, many members of the class simply could not afford to pursue redress absent class treatment. Given these facts, a class action is superior to other available methods of adjudicating this controversy.

24. Indeed, the existence of 12,500 class members is, in and of itself, testament to both the impracticability and inefficiency of prosecuting or defending separate actions. There will be few difficulties in managing a class action based upon the claims herein.

25. The parties have reached a proposed settlement which Plaintiffs believe represents a significant recovery given the potential damages and the substantial risks if the case proceeds to trial.

26. The settlement was reached only after substantial motion practice and a prolonged period of negotiation. The parties devoted the better part of nine months attempting to settle this action. To this end, Defendants' Counsel deposed the Named Plaintiffs along with two opt-in Plaintiffs in New York and California, Plaintiffs' Counsel conducted interviews with putative class and collective members, Viacom produced data and other information for the proposed Class in response to discovery demands, and counsel for the parties participated in multiple in-person and telephonic settlement conferences.

27. Attached to the Settlement Agreement as Exhibit C is the proposed Preliminary Approval Order.

28. Attached to the Settlement Agreement as Exhibit D is the notice required by the Class Action Fairness Act.

WHEREFORE, for the reasons set forth above and those in the accompanying memorandum of law, Plaintiffs respectfully request that the Court preliminarily approve the settlement reached by the parties, certify the settlement class pursuant to Fed. R. Civ. P. 23, and approve the proposed Notice of Class and Collective Action Settlement and Claim and Release Form, and such further relief as this Court deems necessary.

Dated: New York, New York
March 11, 2015

VIRGINIA & AMBINDER, LLP

/s/

LaDonna M. Lusher, Esq.
40 Broad Street, 7th Floor
New York, New York 10004
Tel : (212) 943-9081
Fax: (212 ) 943-9082
llusher@vandallp.com