UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CASEY OJEDA and KARINA REYNAGA, individually and on behalf of other persons similarly situated,<br><br>Plaintiffs,<br><br>- against –<br><br>VIACOM INC., VIACOM INTERNATIONAL INC., and BLACK ENTERTAINMENT TELEVISION, LLC,<br><br>Defendants. | No.: 13 CV 5658 (JMF)(GWG) |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS'
MOTION FOR PRELIMINARY APPROVAL OF THE PROPOSED SETTLEMENT,
CERTIFICATION OF THE SETTLEMENT CLASS, APPOINTMENT OF
PLAINTIFFS' COUNSEL AS CLASS COUNSEL, AND APPROVAL OF PLAINTIFFS'
NOTICE OF PROPOSED SETTLEMENT OF CLASS AND COLLECTIVE
ACTION LAWSUIT AND CLAIM FORM AND RELEASE**

TABLE OF CONTENTS

INTRODUCTION………………………………………………………………………..……1

I. FACTUAL AND PROCEDURAL BACKGROUND………….……………...……1

    a. Nature of Plaintiff's Claims……………………………………………...………1

    b. Settlement Negotiations…………………………………………….…………....1

II. SUMMARY OF THE SETTLEMENT TERMS……………………………………......2

    **A.** The Settlement Fund    …………………………….…………2

    **B.** Eligible Employees………………………………………………………….…...2

    **C.** Releases………………………………………………………………………….2

    **D.** Allocation Formula……………………………………………….……….……2

    **E.** Attorneys' Fees, Litigation Costs, and Service Awards………………….......3

III. CLASS ACTION SETTLEMENT PROCEDURE…………………………….………4

IV. PRELIMINARY APPROVAL OF THE SETTLEMENT IS APPROPRIATE…………..5

    1. The Settlement is Fair, Reasonable, and Adequate. …………………...……7

    2. Litigation Through Trial Would be Complex, Costly, and Long (*Grinnell* Factor 1)…………………………………………………………………………………7

    3. The Reaction of the Class Has Been Positive (*Grinnell* Factor 2)……..…..8

    4. Discovery Has Advanced Far Enough to Allow the Parties to Resolve the Case Responsibly (*Grinnell* Factor 3)…………………………….…..………8

    5. Plaintiffs Would Face Real Risks if the Case Proceeded (*Grinnell* Factors 4 and 5)…………………………………………………………………………….9

    6. Risks Involved in Maintaining the Class Through Trial (*Grinnell* Factor 6)…………………………………………………………………………..10

    7. Defendants' Ability to Withstand a Greater Judgment is Not Determinative (*Grinnell* Factor 7)……………………………………………………….…10

    8. The Settlement Fund is Substantial, Even in Light of the Best Possible

        Recovery and the Attendant Risks of Litigation (*Grinnell* Factors 8 and 9)
……………………………………………………………………………….…10

**V.     THE NOTICE PLAN AND DISTRIBUTION PROCESS ARE
             APPROPRIATE**………………………………………………....……..………12

**VI.    PLAINTIFF WILL SEEK APPROVAL OF THE FLSA
             SETTLEMENT**………………………………………………….…………13

CONCLUSION……………………………………………………………….….………13

## **TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

Cagan v. Anchor Sav. Bank FSB
 No. 88 Civ. 3024, 1990 WL 73423 (E.D.N.Y. May 22, 1990) ……………………...….…11

City of Detroit v. Grinnell Corp.
495 F.2d 448 (2d Cir. 1974) ……………………………………………………………….*passim*

Clark v. Ecolab Inc.
Nos. 07 Civ. 8623, 04 Civ. 4488, 06 Civ. 5672, 2009 WL 6615729 (S.D.N.Y. Nov. 27, 2009) …6

deMunecas v. Bold Food, LLC
No. 09 Civ. 00440, 2010 U.S. Dist. LEXIS 87644 (S.D.N.Y 2010)……………………….…..6

Frank v. Eastman Kodak Co.
228 F.R.D. 174 (W.D.N.Y. 2005) ……………………………………………..............6,10,11

Hernandez v. Immortal Rise, Inc.
2013 U.S. Dist. LEXIS 56658 (E.D.N.Y 2013) ………………………………………………6

Hernandez v. Merrill Lynch & Co., Inc.
11 Civ. 8472, 2013 WL 1209563 (S.D.N.Y. Mar. 21, 2013)……………………………..…3

In re Austrian & German Bank Holocaust Litig.
80 F. Supp. 2d 164 (S.D.N.Y. 2000) ……………………………………………........8,10,11

In re EVCI Career Colls. Holding Corp. Sec. Litig.
Nos. 05 Civ. 10240, 05 Civ. 10287, 05 Civ. 10515, 05 Civ. 10610, 06 Civ. 304, 06 Civ. 347, 06 Civ. 1684, 2007 WL 2230177 (S.D.N.Y. July 27, 2007)……………………………………...6

In re Ira Haupt & Co.
304 F. Supp. 917 (S.D.N.Y. 1969) …………………………………………………….....9

In re Michael Milken & Assocs. Sec. Litig.
150 F.R.D. 57 (S.D.N.Y. 1993) ……………………………………………………….……12

In re Painewebber Ltd. P'ships Litig.
171 F.R.D. 104 (S.D.N.Y. 1997)………………………………………………………………9

In re Traffic Exec. Ass'n
627 F.2d 631 (2d Cir. 1980) ……………………………………………………………….6

In re Warfarin Sodium Antitrust Litig.
391 F.3d 516 (3d Cir. 2004) ………………………………………….….……………...5, 8

Johnson v. Brennan
No. 10 Civ. 4712, 2011 WL 4357376 (S.D.N.Y. Sept. 16, 2011) ………………………...…..3,12

Maywalt v. Parker & Parsley Petroleum Co.
67 F.3d 1072 (2d Cir. 1995) …………………………………………………………………….6

Morris v. Affinity Health Plan, Inc.
 859 F. Supp. 2d 611 (S.D.N.Y. 2012) …………………………………….……………………3

Officers for Justice v. Civil Serv. Comm'n
688 F.2d 615 (9th Cir. 1982) …………………………………………………………………11

Palacio v. E*TRADE Fin. Corp.
No. 10 Civ. 4030, 2012 WL 1058409 (S.D.N.Y. Mar. 12, 2012)…………………………………6

Reyes v. Altamarea Grp., LLC.
No. 10 Civ. 6451, 2011 WL 4599773 (S.D.N.Y. June 3, 2011)…………….……………………6

Sewell v. Bovis Lend Lease, Inc.
No. 09-CV-6548, 2013 U.S. Dist. LEXIS 47526 (S.D.N.Y. Mar. 29, 2013)……………..………4

Velez v. Majik Cleaning Serv., Inc.
No. 03 Civ. 8698, 2007 WL 7232783 (S.D.N.Y. June 25, 2007). ……………………………….9

Wal-Mart Stores, Inc. v. Visa U.S.A. Inc.
396 F.3d 96 (2d Cir. 2005)…………………………………………………………………...5

Wynder v. McMahon
No. 99 Civ. 772, 2010 WL 2399328 (E.D.N.Y 2013) ……………………………………......13

**Statutes**

*Federal Statutes*
Fed. R. Civ. P. 23………………………….................................................3, 4, 12

**Secondary Sources**

HERBERT B. NEWBERG & ALBA CONTE, NEWBERG ON CLASS ACTIONS, §§ 11.22, et seq. (4th ed. 2002) ……………...........................……………...........….…………….............……4

**INTRODUCTION**

Subject to this Court's approval, Plaintiffs Casey Ojeda and Karina Reynaga and Defendants Viacom Inc., Viacom International Inc., and Black Entertainment Television, LLC (collectively "Viacom" or "Defendants"), have settled this wage and hour class and collective action. The proposed settlement satisfies all of the criteria for preliminary approval. Plaintiffs respectfully request that the Court (1) grant preliminary approval of the Joint Stipulation of Settlement and Release (the "Stipulation" or "Agreement"), (2) certify the settlement class pursuant to Fed. R. Civ. P. 23, and (3) approve the Notice of Proposed Settlement of Class and Collective Action Lawsuit, and Claim and Release Form. Defendants do not oppose this motion.

## I.     FACTUAL AND PROCEDURAL BACKGROUND

### a.  Nature of Plaintiff's Claims

This is an action pursuant to the Fair Labor Standards Act (hereinafter referred to as "FLSA"), 29 U.S.C. §§207 and 216(b); New York Labor Law § 190 *et seq.*; New York Labor Law §§ 633 and 650 *et seq.*; 12 New York Codes, Rules, and Regulations (hereinafter referred to as "NYCRR") §§ 146-1.2, 146.3; California Labor Code §§ 221, 223, 1194, 1194.2, 1197; Cal. Unlawful and/or Unfair Business Practices (Bus. & Prof. Code §§ 17200-17208); and Cal. Industrial Welfare Commission ("IWC") Wage Orders to recover unpaid wages and overtime compensation allegedly owed to Plaintiffs Casey Ojeda ("Ojeda") and Karina Reynaga ("Reynaga") (the "Named Plaintiffs" or "Plaintiffs") and all similarly-situated persons whose title at Viacom, as reflected in Viacom's records, included the term "Intern" and who were not paid any compensation or were paid compensation at a rate less than the applicable minimum wage. For the purpose of this motion, individuals similarly situated to Plaintiffs are (i) Interns with Viacom from August 13, 2007 through June 1, 2013 in New York, and (ii) Interns with Viacom from September 11, 2010 through June 1,

2013 in California.  See Lusher Declaration ¶ 5.

    **b.  Settlement Negotiations**

The parties devoted the better part of nine months attempting to settle this action.  To this end, Defendants' Counsel deposed the Named Plaintiffs along with two opt-in Plaintiffs in New York and California, Plaintiffs' Counsel conducted interviews with putative class and collective members, Viacom produced data and other information for the proposed Class in response to discovery demands, and counsel for the parties participated in multiple in-person and telephonic settlement conferences, the results of which have culminated in this proposed settlement. See Lusher Declaration ¶ 26.

## II.  SUMMARY OF THE SETTLEMENT TERMS

    **A.  The Qualified Settlement Fund**

The Settlement Agreement contemplates a Gross Settlement Amount of Seven Million Two Hundred and Twelve Thousand Five Hundred Dollars ($7,212,500).  Defendants have agreed to deposit the Settlement Amount (which shall be an amount sufficient to cover all Participating Claimants' payments, the Employer Payroll Taxes, the Court awarded attorneys' fees and costs, the settlement administration fees and costs and Service Award) into a Qualified Settlement Fund (the "Fund") to settle this matter as set forth in the Agreement, subject, *inter alia*, to Defendants' right to terminate the Agreement as set forth herein (including if the number of Participating Claims exceeds 2,480).  See Settlement Agreement §§ 1.16, 1.29, 8.1, 9.1(B).  Professional fees and costs will be no more than 12.5% of the Gross Settlement Amount, for a total maximum in fees and costs of no more than Nine Hundred Thousand Dollars ($900,000.00) less an amount equal to Service Awards and PAGA penalties. See Settlement Agreement § 9.4.

B. **Eligible Interns**

Named Plaintiff and all other individuals whose title at Viacom, as reflected in Viacom's records, included the term "Intern" and who was not paid any compensation or was paid compensation at a rate less than the applicable minimum wage during the Relevant Periods ("Class Members") may participate in the proposed settlement. See Settlement Agreement §§ 1.5, 1.7, 1.15, 1.33. The Relevant Periods means August 13, 2007 through June 1, 2013 for individuals engaged in an internship in New York ("NY Class" and "NY Class Members"); September 11, 2010 through June 1, 2013 for those engaged in an internship in California ("California Class" and "California Class Members") (collectively "Rule 23 Class Members"); and January 1, 2012 through June 1, 2013 for those engaged in an internship in any of Viacom's locations nationwide ("FLSA Collective Members") ("FLSA Collective Members" and "Rule 23 Class Members" collectively referred to as "Class Members"). See Settlement Agreement §§ 1.5, 1.15. and 1.33.

C. **Releases**

Each NY Class Member who does not timely opt-out of the settlement shall release Defendants from all New York state wage and hour law claims that arose or in any way related to internships, including but not limited to claims that were, or could have been, brought in the litigation, and interest, liquidated damages, attorneys' fees, and costs with respect to such claims. See Settlement Agreement §§ 1.24, 1.31, 1.33, 6.2(A). Each California Class Member who does not timely opt-out of the settlement shall release Defendants from all California state wage and hour law claims that arose or in any way related to internships, including but not limited to claims that were, or could have been, brought in the litigation, and interest, liquidated damages, attorneys' fees, and costs with respect to such claims. See Settlement Agreement §§ 1.24, 1.31, 1.33, 6.2(A). Each Class Member who files a timely and valid Claim Form and Release shall release Defendants from all

claims under the Fair Labor Standards Act and all New York State, California State and local law claims that arose or in any way related to internships, including but not limited to those claims that were, or could have been, brought in the litigation, and interest, liquidated damages, attorneys' fees, and costs with respect to such claims.  See Settlement Agreement §§ 1.5, 1.7, 1.15, 1.25, 1.30, 1.31.

### D. Allocation Formula

Unless the settlement is terminated (see Settlement Agreement § 8), all Class Members who timely file a Claim Form, a copy of a government-issued identification such as a passport or driver's license and W-4 Form, and whose Claim Form and W-4 Form are properly completed and submitted ("Participating Claimant"), shall be issued a Settlement Check by the Settlement Claims Administrator in accordance with the Final Approval Order.  Each Participating Claimant will receive a gross Settlement Check equal to Five-Hundred Five Dollars ($505) for each traditional academic semester in which the Participating Claimant was an Intern with Defendants; provided, however, that (i) in no event will any Participating Claimant receive a Settlement Check for more than two traditional academic semesters (totaling One Thousand Ten Dollars ($1,010), irrespective of how many academic semesters in which the Participating Claimant was an Intern with Defendants; and (ii) to receive payment for a second traditional academic semester, the Participating Claimant must have been an Intern with Defendants for at least 3 weeks during that second semester.  Settlement Agreement § 9.2.

### E. Attorneys' Fees, Litigation Costs, and Service Awards

At the Fairness Hearing, Class Counsel will petition the Court for an award of attorneys' fees and costs not to exceed 12.5% of the Gross Settlement Amount, up to a maximum of Nine Hundred Thousand Dollars ($900,000.00) less an amount equal to the Service Awards and PAGA penalties.  See Settlement Agreement § 9.4.  Pursuant to Fed. R. Civ. P. 23(h) and 54(d)(2), Plaintiffs' Counsel will move for attorneys' fees and costs along with their Motion for Final Approval of the Settlement.

Plaintiffs will apply for service and/or enhancement awards in the amount of $5,000 each for Named Plaintiffs O'Jeda and Reynaga, $2,500 for FLSA Collective Member Nicole Rosinsky, and $1,500 for FLSA Collective Member Nikhil Kasbekar in recognition of the services they rendered on behalf of the class ("Service Awards").  Defendants shall not oppose this application.  See Settlement Agreement § 9.3.[1]  The Court need not rule on the proposed attorneys' fees award or service award now.  Plaintiffs will file separate motions asking the Court to approve them simultaneously with Plaintiffs' Motion for Final Approval of the Settlement.  Defendants do not oppose the proposed attorneys' fees award or the service award.

Defendants shall deposit the Settlement Amount into the Fund within twenty (20) days after the Effective Date.  See Settlement Agreement § 9.1(B).

### III.     CLASS ACTION SETTLEMENT PROCEDURE

The well-defined class action settlement procedure includes three distinct steps:

1. Preliminary approval of the proposed settlement after submission to the Court of a written motion for preliminary approval;

2. Dissemination of mailed and/or published notice of settlement to all affected class members; and

3. A final settlement approval hearing at which class members may be heard regarding the settlement, and at which argument concerning the fairness, adequacy, and reasonableness of the settlement may be presented.

*See* Fed. R. Civ. P. 23(e); *see also* Herbert B. Newberg & Alba Conte, *Newberg on Class Actions* ("*Newberg*"), §§ 11.22, *et seq.* (4th ed. 2002).  Plaintiffs request that the Court take the first step – granting preliminary approval of the Settlement Agreement, approving Plaintiffs' Proposed Notice,

---

[1] Service award applications are common in the Second Circuit, and typically granted.  *See, e.g.*, *Sewell v. Bovis Lend Lease, Inc., et al.*, No. 09-CV-6548, 2013 U.S. Dist. LEXIS 47526, at *14-15 (S.D.N.Y. Mar. 29, 2013) (granting service awards of $15,000 and $10,000 to class representatives in wage and hour class action settlement, and listing supporting cases); *Johnson*, 2011 WL 4357376, at *21 (granting service awards of $10,000 to class representatives in wage and hour settlement).

and authorizing Plaintiffs to publish the Notice to Class Members.

The Parties respectfully submit the following proposed schedule for final resolution of this matter for the Court's consideration and approval:

1. Within twenty (20) days of the Court's issuance of a Preliminary Approval Order, Defendants shall provide the Settlement Claims Administrator and Class Counsel, in electronic form, for all Class Members the following information:  name, Last Known Address, email address and internship state, as that information exists in Defendants' records ("Class List").  See Settlement Agreement § 5.2(A).

2. Within ten (10) days of the receipt of the Class List, or as soon thereafter as practicable, the Settlement Claims Administrator shall mail to all Class Members, via First Class United States Mail, postage prepaid, and via email, the Court-approved Notice of Proposed Settlement of Class and Collective Action Lawsuit and Fairness Hearing.  See Settlement Agreement § 5.2(C).

2. Class Members will have sixty (60) days after the mailing of the Notice to file a claim or to opt out of the settlement, and thirty (30) days after the mailing of the Notice to object to the settlement.  See Settlement Agreement §§ 1.2, 6.1, 6.2, 6.3.

3. A final fairness hearing will be held within approximately sixty days of the Claim Form Deadline.

4. Plaintiffs will file a Motion for Final Approval of Settlement no later than 15 days before the Fairness Hearing.   See Settlement Agreement § 7.1.

5. After the final fairness hearing, if the Court grants Plaintiff's Motion for Final Approval of the Settlement, the Court will issue a Final Order and Judgment.  If no reconsideration or rehearing is sought of the Court's Final Order and Judgment, and no appeal is filed, the Final Effective Date shall be forty-four days after the Final Approval Order is entered by the Court.  See Settlement Agreement § 1.11.

**IV.   PRELIMINARY APPROVAL OF THE SETTLEMENT IS APPROPRIATE**

The law favors compromise and settlement of class action suits.  *Wal-Mart Stores, Inc. v. Visa U.S.A. Inc.*, 396 F.3d 96, 116 (2d Cir. 2005) (noting the "strong judicial policy in favor of settlements, particularly in the class action context") (internal quotation marks and citation omitted); *In re Warfarin Sodium Antitrust Litig.*, 391 F.3d 516, 535 (3d Cir. 2004) ("[T]here is an overriding public interest in settling class action litigation, and it should therefore be encouraged."); *see also Newberg*

§ 11.41 ("The compromise of complex litigation is encouraged by the courts and favored by public policy.").

The approval of a proposed class action settlement is a matter of discretion. *See Maywalt v. Parker & Parsley Petroleum Co.*, 67 F.3d 1072, 1079 (2d Cir. 1995). "[C]ourts should give proper deference to the private consensual decision of the parties . . . [and] should keep in mind the unique ability of class and defense counsel to assess the potential risks and rewards of litigation . . . ." *Clark v. Ecolab Inc.*, 2009 WL 6615729, at *3 (S.D.N.Y. Nov. 27, 2009) (internal quotation marks and citations omitted).

Preliminary approval requires only an "initial evaluation" of the fairness of the proposed settlement on the basis of written submissions and an informal presentation by the settling parties. *Clark*, 2009 WL 6615729, at *3 (S.D.N.Y. Nov. 27, 2009) (citing *Newberg* § 11.25). To grant preliminary approval, the court need only find that there is "'probable cause' to submit the [settlement] to class members and hold a full-scale hearing as to its fairness." *In re Traffic Exec. Ass'n E. R.Rs.*, 627 F.2d 631, 634 (2d Cir. 1980); *Newberg* § 11.25 (noting that "[i]f the preliminary evaluation of the proposed settlement does not disclose grounds to doubt its fairness . . . and appears to fall within the range of possible approval," the court should permit notice of the settlement to be sent to class members) (quoting *Manual for Complex Litigation* (Third) § 30.41). [2]

"Fairness is determined upon review of both the terms of the settlement agreement and the negotiating process that led to such agreement." *Frank v. Eastman Kodak Co.*, 228 F.R.D. 174, 184 (W.D.N.Y. 2005). "Absent fraud or collusion, [courts] should be hesitant to substitute [their]

---

[2]   Courts often grant preliminary settlement approval without requiring a hearing or a court appearance. *See, e.g.*, *Hernandez v. Immortal Rise, Inc.*, 2012 WL 5862749, at *1 (E.D.N.Y 2013) (granting preliminary approval based on plaintiffs' memorandum of law, attorney declaration, and exhibits); *Palacio v. E*TRADE Fin. Corp.*, No. 10 Civ. 4030, 2012 WL 1058409, at *1 (S.D.N.Y. Mar. 12, 2012) (same); *Reyes v. Altamarea Grp., LLC*, No. 10 Civ. 6451, 2011 WL 4599773 (S.D.N.Y. June 3, 2011) (same); *deMunecas v. Bold Food*, No. 09 Civ. 00440, 2010 U.S. Dist. LEXIS 87644 (S.D.N.Y 2010) (same).

judgment for that of the parties who negotiated the settlement." *In re EVCI Career Colls. Holding Corp. Sec. Litig.*, 2007 WL 2230177, at *4 (S.D.N.Y. July 27, 2007). Preliminary approval is the first step in the settlement process. It simply allows notice to issue and for Class Members to join in the settlement, object or opt out of the settlement. After the notice period, the Court will be able to evaluate the settlement with the benefit of Class Members' input.

### 1. The Settlement is Fair, Reasonable, and Adequate

In evaluating a class action settlement, courts in the Second Circuit generally consider the nine factors set forth in *City of Detroit v. Grinnell Corp.*, 495 F.2d 448, 463 (2d Cir. 1974), *abrogated on other grounds by Goldberger v. Integrated Res., Inc.*, 209 F.3d 43 (2d Cir. 2000) ("*Grinnell*"). Although the Court's task on a motion for preliminary approval is merely to perform an "initial evaluation," *Newberg* § 11.25, to determine whether the settlement falls within the range of possible final approval, or "the range of reasonableness," *id*. at § 11.26, it is useful for the Court to consider the criteria on which it will ultimately judge the settlement.

The *Grinnell* factors are (1) the complexity, expense and likely duration of the litigation; (2) the reaction of the class to the settlement; (3) the stage of the proceedings and the amount of discovery completed; (4) the risks of establishing liability; (5) the risks of establishing damages; (6) the risks of maintaining the class action through the trial; (7) the ability of the defendants to withstand a greater judgment; (8) the range of reasonableness of the settlement fund in light of the best possible recovery; and (9) the range of reasonableness of the settlement fund to a possible recovery in light of all the attendant risks of litigation. *Grinnell*, 495 F.2d at 463. All of the *Grinnell* factors weigh in favor of approval of the Settlement Agreement, and certainly in favor of preliminary approval.

### 2. Litigation Through Trial Would be Complex, Costly, and Long (*Grinnell* Factor 1)

By reaching a favorable settlement prior to dispositive motions or trial, Plaintiffs seek to avoid significant expense and delay, and instead ensure recovery for the class. "Most class actions are inherently complex and settlement avoids the costs, delays and multitude of other problems associated with them." *In re Austrian & German Bank Holocaust Litig.*, 80 F. Supp. 2d 164, 174 (S.D.N.Y. 2000), *aff'd sub nom. D'Amato v. Deutsche Bank*, 236 F.3d 78 (2d Cir. 2001). This case is no exception, with 12,500 Class Members and claims under federal and state law.

Further litigation here would cause additional expense and delay. Plaintiffs would likely file a motion for class certification, and Defendants would likely file a motion to decertify the collective action. In addition, the Parties likely would file cross-motions for summary judgment. If the Court denied the motions, a fact-intensive trial would necessarily follow. A trial would be lengthy and complex and would consume tremendous time and resources for the Parties and the Court. Any judgment would likely be appealed, further extending the litigation. The settlement, on the other hand, makes monetary relief available to Class Members in a prompt and efficient manner. Therefore, the first *Grinnell* factor weighs in favor of approval.

### 3.     **The Reaction of the Class Has Been Positive (*Grinnell* Factor 2)**

Notice of the settlement and its details has not yet been issued to the class. The Court should more fully analyze this factor after notice issues and Class Members are given the opportunity to opt out or object. At this early stage in the process, the Named Plaintiffs and opt-in Plaintiffs Rosinsky and Kasbekar have expressed approval of the settlement.

### 4.     **Discovery Has Advanced Far Enough to Allow the Parties to Resolve the Case Responsibly (*Grinnell* Factor 3)**

The Parties have completed enough discovery to recommend settlement. The proper question is "whether counsel had an adequate appreciation of the merits of the case before negotiating." *In re Warfarin Sodium Antitrust Litig.*, 391 F.3d 516, 537 (3d Cir. 2004).

The Parties' discovery here meets this standard. Plaintiffs' Counsel conducted an investigation and legal research on the underlying merits of the potential class claims, the likelihood of obtaining liquidated damages and the proper measure of damages. They also researched Defendants' likely affirmative defenses. After filing, Plaintiffs' Counsel conducted further investigations including, but not limited to, interviewing and obtaining declarations from Plaintiffs and Class Members, participating in discovery, depositions and collective certification motion practice. Plaintiffs' Counsel have reviewed data and other documents produced by Defendants in response to discovery demands, and some opt-in Plaintiffs. This factor favors preliminary approval. *See Dorn v. Eddington Sec., Inc.*, No. 08 Civ. 10271, 2011 WL 382200, at *3 (S.D.N.Y. Jan. 21, 2011) (finding that "Plaintiff's Counsel did substantial work identifying, investigating, prosecuting, and settling Plaintiff's and the class members' claims.").

### 5.   **Plaintiffs Would Face Real Risks if the Case Proceeded (*Grinnell* Factors 4 and 5)**

Although Plaintiffs' Counsel believe their case is strong, it is subject to considerable risk, particularly since the Second Circuit recently heard oral argument on two unpaid intern cases that may alter the criteria for unpaid internships and/or evaluate Rule 23 class certification in such circumstances. *See Wang v. Hearst Corp.,* 293 F.R.D. 489, 496 (S.D.N.Y. 2013) (Second Circuit docket no. 13-4480), and *Glatt v. Fox Searchlight Pictures, Inc.*, 293 F.R.D. 516 (S.D.N.Y. 2013) (Second Circuit docket no. 13-4481). "Litigation inherently involves risks." *In re Painewebber Ltd. P'ships Litig.,* 171 F.R.D. 104, 126 (S.D.N.Y. 1997). Indeed, "[i]f settlement has any purpose at all, it is to avoid a trial on the merits because of the uncertainty of the outcome." *In re Ira Haupt & Co.,* 304 F. Supp. 917, 934 (S.D.N.Y. 1969); *see also Velez v. Majik Cleaning Serv., Inc.,* No. 03 Civ. 8698, 2007 WL 7232783, at *6 (S.D.N.Y. June 25, 2007).

A trial on the merits would involve significant risks for Plaintiffs. To the extent a class is

certified under Rule 23, the class will be comprised of former interns, a number of whom may not wish to participate in pre-trial discovery and trial of this action. Moreover, Plaintiff would have to overcome Viacom's defenses, including that Class Members did not work nearly as many hours each week as they allege and/or that the educational training and academic credit they received justify their classification as unpaid interns. While Plaintiffs' Counsel believe that they could ultimately establish both liability and damages, this would require significant factual development. Plaintiffs' Counsel are experienced and realistic, and understand that the resolution of liability issues, the outcome of the trial, and the inevitable appeals process are inherently uncertain in terms of outcome and duration. The proposed settlement alleviates these uncertainties. This factor therefore weighs in favor of approval.

### 6. Risks Involved in Maintaining the Class Through Trial (*Grinnell* Factor 6)

Defendants would most likely oppose Plaintiffs' application for Rule 23 class certification of the New York Labor Law and California Labor Law claims on the grounds that Plaintiffs' internships were in numerous different departments and offices within Viacom, supervised by a variety of different Viacom employees, and subject to a number of guidelines and expectations that varied by location, department and time. Moreover, even if Plaintiffs were to succeed on the Rule 23 motion, Defendants would likely seek appeal of the Court's determination. Settlement eliminates the risk and delay inherent in this process. As such, this factor weighs in favor of approval.

### 7. Defendants' Ability to Withstand a Greater Judgment is Not Determinative (*Grinnell* Factor 7)

While it is not clear whether Defendants could withstand a greater judgment, their ability to do so, "standing alone, does not suggest that the settlement is unfair." *Frank*, 228 F.R.D. at 186 (quoting *In re Austrian*, 80 F. Supp. 2d at 178 n.9). Thus, this factor is neutral and does not preclude the Court from granting preliminary approval.

### 8. The Settlement Fund is Substantial, Even in Light of the Best Possible Recovery and the Attendant Risks of Litigation (*Grinnell* Factors 8 and 9)

Defendants have agreed to settle this case for a substantial sum. The amount represents substantial value given the attendant risks of litigation, even though recovery could be greater if Plaintiffs prevailed on a motion to certify the class, succeeded on all claims at trial, and survived an appeal.

The determination of whether a settlement amount is reasonable "does not involve the use of a 'mathematical equation yielding a particularized sum.'" *Frank*, 228 F.R.D. at 186 (quoting *In re Austrian & German Bank Holocaust Litig.*, 80 F. Supp. 2d 164, 178 (S.D.N.Y. 2000)). "Instead, 'there is a range of reasonableness with respect to a settlement – a range which recognizes the uncertainties of law and fact in any particular case and the concomitant risks and costs necessarily inherent in taking any litigation to completion.'" *Id.* (quoting *Newman v. Stein*, 464 F.2d 689, 693 (2d Cir. 1972)). "[T]here is no reason, at least in theory, why a satisfactory settlement could not amount to a hundredth or even a thousandth part of a single percent of the potential recovery." *Grinnell Corp.*, 495 F.2d at 455 n.2. "It is well-settled law that a cash settlement amounting to only a fraction of the potential recovery will not *per se* render the settlement inadequate or unfair." *Officers for Justice v. Civil Serv. Comm'n*, 688 F.2d 615, 628 (9th Cir. 1982) (emphasis added); *see also Cagan v. Anchor Sav. Bank FSB*, No. 88 Civ. 3024, 1990 WL 73423, at *12-13 (E.D.N.Y. May 22, 1990) (approving $2.3 million class settlement over objections that the "best possible recovery would be approximately $121 million").

Here, the settlement provides much more than "a fraction of the potential recovery." Indeed, Participating Claimants' entitlement to *any* potential recovery by virtue of their status as unpaid interns is a central and hotly contested issue in this case, the *Wang* and *Glatt* cases before the Second Circuit Court of Appeals, and all similar actions commenced on behalf of unpaid interns. Even if it

were ultimately determined that each Participating Claimant were entitled to wages, the settlement amount represents a substantial proportion of the wages they are allegedly owed. Weighing the benefits of the settlement against the available evidence and the risks associated with proceeding in the litigation, the settlement amount is reasonable.

The *Grinnell* factors weigh in favor of issuing preliminary approval of the settlement. In the event that a substantial number of objectors come forward with meritorious objections, the Court can reevaluate its determination. Because the settlement, on its face, is "'fair, adequate, and reasonable, and not a product of collusion,'" *Frank*, 228 F.R.D. at 184 (quoting *Joel A. v. Giuliani*, 218 F.3d 132, 138-39 (2d Cir. 2000)), the Court should grant preliminary approval.

## V.     THE NOTICE PLAN AND DISTRIBUTION PROCESS ARE APPROPRIATE

The Proposed Notice, which is attached to the Settlement Agreement as Exhibit B, complies with due process and Federal Rule of Civil Procedure 23. Notice must provide:

> the best notice practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort. The notice must clearly and concisely state in plain, easily understood language:
>
> (i)     the nature of the action;
> (ii)    the definition of the class certified;
> (iii)   the class claims, issues, or defenses;
> (iv)    that a class member may enter an appearance through an attorney if the member so desires;
> (v)     that the court will exclude from the class any member who requests exclusion;
> (vi)    the time and manner for requesting exclusion; and
> (vii)   the binding effect of a class judgment on members under Rule 23(c)(3).

Fed. R. Civ. P. 23(c)(2)(B).

The Proposed Notice satisfies each of these requirements. The Notice also describes the terms of the settlement, informs the class about the allocation of attorneys' fees, and provides specific information regarding the date, time, and place of the final approval hearing. Courts have approved class notices even when they provided only general information about a settlement. *See In re Michael*

*Milken & Assocs. Sec. Litig.*, 150 F.R.D. 57, 60 (S.D.N.Y. 1993) (class notice "need only describe the terms of the settlement generally"); *see also Johnson v. Brennan,* No. 10 Civ. 4712, 2011 WL 4357376 at *3 (S.D.N.Y. Sept. 16, 2011). The detailed information in the Proposed Notices far exceeds this bare minimum and fully complies with the requirements of Rule 23(c)(2)(B).

The Settlement Agreement provides that the Notice will be mailed and emailed by the Settlement Claims Administrator to the last known address of each Class Member within thirty (30) days of the entry of the Preliminary Approval Order by the court. See Settlement Agreement § 5.2(A); § 5.2(C). The Settlement Claims Administrator will take reasonable steps to obtain the correct addresses of any Class Member whose notice is returned as undeliverable and will attempt re-mailing. See Settlement Agreement § 5.2(D). As discussed above, the Notice contains information about how to exclude oneself or object to the settlement. Class Members will have until the Claim Form Deadline, or sixty (60) days from the date of mailing, to submit a claim form or opt-out request, and thirty (30) days from the date of mailing to comment on or object to the settlement. See Settlement Agreement §§ 1.2, 6.1, 6.2, 6.3. The Settlement Claims Administrator will send Class Members' settlement checks to Authorized Claimants within fifty (50) days after the Final Effective Date. See Settlement Agreement § 9.1 (B) and (C).

## CONCLUSION

For the reasons set forth above, Plaintiffs respectfully request that the Court grant their Motion for Preliminary Approval of Settlement and enter the Proposed Order.

Dated: New York, New York
      March 11, 2015

                              VIRGINIA & AMBINDER, LLP

                              /s/ Lloyd R. Ambinder, Esq.
                              LaDonna M. Lusher, Esq.

        40 Broad Street, 7th Floor
        New York, New York 10004
        Tel:    (212) 943-9080
        lambinder@vandallp.com

        and

        LEEDS BROWN LAW, P.C.
        Jeffrey K. Brown, Esq.
        Daniel H. Markowitz, Esq.
        One Old Country Road, Suite 347
        Carle Place, New York 11514
        Tel:    (516) 873-9550
        jbrown@leedsbrownlaw.com

        *Attorneys for Plaintiff and the Putative Class*