UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
CASEY OJEDA et al.,                                        :

        Plaintiffs,                               :        ORDER

  -v.-                                                         :
                                                      13 Civ. 5658 (GWG)
VIACOM et al.,                                               :

        Defendants.                             :
---------------------------------------------------------------X

**GABRIEL W. GORENSTEIN, UNITED STATES MAGISTRATE JUDGE**

      A conference to address the application for preliminary approval of the class action settlement will be held on Friday, April 17, 2015, at 10:30 a.m. in Courtroom 6-B, 500 Pearl Street, New York, New York.  The Court recognizes this is short notice and if it is helpful for one or more parties to attend by telephone, that is acceptable to the Court.[1]  In addition, the conference may be freely adjourned at the parties' request (by following paragraph 1.F of this Court's Individual Practices), though the Court notes that its next available date for a conference is May 5, 2015, at 11:00 a.m.

      The Court will expect to hear from the parties regarding:

(1) the intended meaning, scope, and necessity of the "indemnify and hold harmless" provision in the agreement.  It is unclear what contingency this is meant to address and what its effect would be.[2]  The Court has seen such provisions in settlements of some employment cases but certainly not in all such cases, and questions the necessity and appropriateness of including such a provision here;

---

   [1]  If a party wishes to attend this conference by telephone, that party shall contact all other parties to determine if there are any other parties that similarly wish to attend by telephone. If there are such parties, the first party shall arrange for a toll-free telephonic conference call. Approximately 30 minutes before the Court conference, the first party shall call the Deputy Clerk at (212) 805-4260 to inform the Deputy Clerk either of that party's telephone number or of the telephone number and access code for any conference call.  During the conference, parties should not use a speaker phone if addressing the Court.  In addition, a "landline" should be used wherever possible.

   [2]  It does not fully answer the Court's concerns to state that, as defendants describe it, this provision "relates only to taxes that Interns are required to pay" on the non-wage payments.  In fact, the provision appears to relate to some putative amount (not consisting exclusively of taxes) that defendants would be required to pay (presumably to the United States Treasury) — amounts that defendants would then be entitled to collect from plaintiffs.

(2) the information defendants currently have, and in what proportions, regarding the class members' mailing addresses, email addresses, and/or telephone numbers. The Court will seek more detail on what steps will or should be taken to provide the Notice to the class;

(3) an explanation of why the paragraph in bold appears on page 5 of the Claim Form and Release inasmuch as it applies to "general" releases. If it is to stay in, the Court will expect proposals for rewording the paragraph to make the language comprehensible to a lay person;

(4) why the stipulation states that a specific sentence (quoted therein) "must" be written to make an objection (§ 6.3(A)), and, if such a provision is to be enforced, why it is not explained in section 13 of the Notice;

(5) who will bear the costs of delivering the Notice and receiving claim forms in the event that defendants exercise their right to terminate the settlement;

(6) why the Notice should not inform the class members that defendants can terminate the settlement if there are more than 2,480 claimants;

(7) what the preferred method is for an individual claimant to check that his or her claim form has been received and why this should not be more clearly described in the Notice and/or Claim Form and Release instructions; and

(8) whether section 15 of the Notice can be redrafted to state in a simple paragraph that all class members are giving up their rights to make claims for wages etc. under state and federal law.

      The Court does not expect to address any other substantive issues at the conference other than to fix dates included in the class notice if preliminary approval is granted. The Court will also raise certain formatting and typographical matters in the Notice and Claim Form and Release.

      Upon receipt of this Order each attorney is directed to ensure that all other attorneys on the case are aware of the conference date and time.

      SO ORDERED.

Dated: April 16, 2015
       New York, New York

GABRIEL W. GORENSTEIN
United States Magistrate Judge