IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CASEY OJEDA and KARINA REYNAGA individually and on behalf of other persons similarly situated,<br><br>　　　　　　　　　　　　　　　　Plaintiffs,<br><br>-against-<br><br>VIACOM INC., VIACOM INTERNATIONAL INC., and BLACK ENTERTAINMENT TELEVISION, LLC,<br><br>　　　　　　　　　　　　　　　　Defendants. | No: 1:13-cv-05658-GWG<br><br>USDC SDNY<br>DOCUMENT<br>ELECTRONICALLY FILED<br>DOC #:<br>DATE FILED: 5/28/15 |

## AMENDED ORDER GRANTING PRELIMINARY APPROVAL OF CLASS AND COLLECTIVE ACTION SETTLEMENT

On March 13, 2015, the parties filed their motion for preliminary approval of a settlement of a putative class and collective action brought by Casey Ojeda and Karina Reynaga (the "Named Plaintiffs" or "Plaintiffs"), individually and on behalf of the classes of individuals that they seek to represent ("Class Members"), to resolve this action against Viacom Inc., Viacom International Inc. and Black Entertainment Television, LLC, (collectively "Viacom" or "Defendants") (together with Plaintiffs, the "Parties"). The Court has considered the Joint Stipulation of Settlement and Release ("Stipulation"), filed in final form on May 26, 2015, and its attached exhibits (Docket # 113), and the Declaration of LaDonna Lusher ("Lusher Decl."), filed March 11, 2015 (Docket # 103), and hereby finds and orders as follows:

### I.　Provisional Approval of Settlement

　　1.　　Unless otherwise defined herein, all terms used in this order (the "Preliminary Approval Order") will have the same meaning as defined in the Stipulation.

2. The Court finds on a preliminary basis that the settlement memorialized in the Stipulation, filed with the Court, falls within the range of reasonableness and, therefore, meets the requirements for preliminary approval such that notice to the class is appropriate.

3. The Court finds that the Stipulation is the result of extensive, arms'-length negotiations by counsel well versed in the prosecution of wage and hour class and collective actions.

4. The Court grants the parties' motion (Docket # 102) for preliminary approval of the Stipulation.

## II. Conditional Certification of the Proposed Rule 23 Class For Settlement Purposes Only

5. Provisional settlement, class certification, and appointment of class counsel have several practical purposes, including avoiding the costs of litigating class status while facilitating a global settlement, ensuring all class members are notified of the terms of the proposed Stipulation, and setting the date and time of the final approval hearing.

6. Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, the Court conditionally certifies, for settlement purposes only (and for no other purpose and with no other effect upon this or any other action, including no effect upon this action should the Settlement not ultimately be approved), a Rule 23 Class consisting of all individuals who were Interns for Defendants in the State of New York from August 13, 2007 through June 1, 2013, and in California from April 11, 2010 through June 1, 2013.

7. The Court appoints, for settlement purposes only, Plaintiff Casey Ojeda to represent the New York Rule 23 Class and Karina Reynaga to represent the California Rule 23 Class.

8. For settlement purposes only, Plaintiffs meet all of the requirements for class certification under Federal Rule of Civil Procedure 23(a) and (b)(3).

9. A collective action has already been conditionally approved by the Court by Decision and Order dated April 4, 2015, and is comprised of all persons who interned with or through Viacom International Inc. or Black Entertainment Television, LLC, including their parent, Viacom Inc., and their various media network brands, including MTV, VH1, Comedy Central, BET, Nickelodeon, CMT, Spike and TV Land (collectively "Viacom"), commencing April 4, 2011.

10. For settlement purposes only, the Court also approves the following FLSA Collective: All individuals who participated in unpaid internships with Viacom Inc., Viacom International Inc. or Black Entertainment Television, LLC, and their various media network brands, including MTV, VH1, Comedy Central, BET, Nickelodeon, CMT, Spike and TVLand at any time from January 1, 2012 through June 1, 2013.

11. Any FLSA Collective Member who properly submits his or her Claim Form and Release to the Settlement Claims Administrator shall be deemed to have filed his or her consent to opt-in with the Court as of the date that it is received by the Settlement Claims Administrator.

### III. Appointment of Plaintiffs' Counsel as Class Counsel

12. For settlement purposes only, the Court appoints Virginia & Ambinder, LLP and Leeds Brown Law, P.C. ("Plaintiffs' Counsel") as Class Counsel because they meet all of the requirements under Federal Rule of Civil Procedure 23(g).

13. Plaintiff's Counsel did substantial work identifying, investigating, prosecuting, and settling Plaintiffs' and Class and Collective Members' claims.

14. Plaintiffs' Counsel have substantial experience prosecuting and settling employment class actions, including wage and hour class actions, and are well-versed in wage and hour law and class action law.

15. The work that Plaintiffs' Counsel has performed both in litigating and settling this case demonstrates their skill and commitment to representing the class's interests.

**IV. Notice**

16. The Court approves FRG Information Systems as the Settlement Claims Administrator to perform duties in accordance with Section 4 of the Stipulation.

17. The Court finds that the procedures for notifying the Rule 23 Class and FLSA Collective about the Settlement as described in the Stipulation provide the best notice practicable under the circumstances and therefore meet the requirements of due process, and directs publication of the Notices in accordance with the Stipulation.

18. The Court approves, as to form and content, the Notice of Proposed Settlement of Class and Collective Action Lawsuit and Fairness Hearing (the "Proposed Notice"), and the Settlement Claim Form and Release, attached to the Stipulation as Exhibits A and B. The Settlement Claims Administrator is authorized to mail those documents, after they are updated with the appropriate dates and deadlines consistent with the Stipulation, to the applicable Class and Collective Members as provided in the Stipulation.

19. The Proposed Notice satisfies Federal Rule of Civil Procedure 23(c)(2)(B) and adequately puts Class Members on notice of the proposed settlement. The Proposed Notice is appropriate because it describes the terms of the settlement, informs the classes about the potential allocation of attorneys' fees, and provides specific information regarding the date, time, and place of the final approval hearing.

20. Any written objection to the settlement by a Class Member who has not opted-out must be received by the Settlement Claims Administrator within thirty (30) days from the mailing of the Proposed Notice and shall then be filed with this Court.

## V. Class Action Settlement Procedure

21. The Court hereby adopts the settlement approval process as set forth in the Stipulation.

22. In the event that the Effective Date as defined in the Stipulation does not occur, the Settlement and the Stipulation shall be deemed null and void and shall have no effect whatsoever, except as otherwise provided or reasonably contemplated therein, including but not limited to the post-termination survival provisions set forth in Section 8.2, the non-disclosure provisions in Section 11.13, and the non-admission provisions in Section 2, which shall remain in effect. In such case, nothing in the Stipulation or this Order shall be relied upon, cited as, constitute evidence of, or constitute an admission that class or collective action certification is or may be appropriate in this action or any other matter.

23. Pending the Court's decision on final approval of the Settlement and entry of the Court's Final Order and Judgment, Plaintiffs, anyone acting on behalf of Plaintiffs, Current FLSA Opt-Ins who do not withdraw their consents to join the Litigation, and Participating Claimants shall be barred and enjoined from: (a) further litigation in this Action; (b) filing, or taking any action directly or indirectly, to commence, prosecute, pursue or participate, on an individual or class or collective action basis, any action, claim or proceeding against Defendants in any forum in which any of the claims subject to the Settlement are asserted, or which in any way would prevent any such claims from being extinguished; or (c) seeking, whether on a conditional basis or not, certification of a class or collective action that involves any such claims.

24. The parties are ordered to carry out the Settlement according to the terms of the Stipulation.

25. The Court will conduct a hearing pursuant to Rule 23(e)(2) of the Federal Rules of

Civil Procedure on December 14, 2015, at 3:00 p.m. in Courtroom 6-B, 500 Pearl Street, New York, New York (the "Fairness Hearing"), for the purposes of: (a) hearing any timely and properly filed objections; (b) making a final determination as to the fairness, adequacy, and reasonableness of the Settlement terms and procedures; (c) fixing the amount of attorneys' fees and litigation costs and expenses to Class Counsel and service awards to Plaintiffs, if appropriate; and (d) entering Judgment, if appropriate. The Fairness Hearing may be continued without further notice to Class Members. The Plaintiffs shall file their motion for final approval of the settlement, and Class Counsel shall file their motion for attorneys' fees, litigation costs and expenses, and service awards on or before December 2, 2015.

26. The following dates shall govern the schedule in this action:

| | |
|---|---|
| June 17, 2015 | Defendants' Counsel will provide the Settlement Claims Administrator and Class Counsel with the Class Member mailing list in electronic form containing the following information: name, last known address, email address and internship state, as that information exists in Defendants' records ("Class List") |
| July 8, 2015 | Mailing of Class Notice. |
| August 7, 2015 | Last day for Class Members to submit written objections to the Settlement. |
| September 8, 2015 | Last day for Class Members to "opt out" of the Settlement. |
| September 8, 2015 | Last day for Class Members to qualify as a Participating Claimant by filing claim forms to join settlement. |

| | |
|---|---|
| November 5, 2015 | Last day for parties to reconcile final distribution of all Allocated Settlement payments to Authorized Claimants, as well as all costs and fees. |
| November 24, 2015 | Last day for filing and service of proposed papers in support of final settlement approval to Defendants. |
| December 2, 2015 | Last day for filing and service of papers in support of final settlement approval with the Court. |
| December 14, 2015 at 3:00 p.m. | Fairness Hearing. |

**IT IS SO ORDERED.**

Dated: May 28, 2015

Hon. Gabriel W. Gorenstein, USMJ